**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

NGM  INSURANCE COMPANY,

                             Plaintiff,

               -against-

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                         Defendants.

------------------------------------------------------------------------x

Docket No.:
07-CV-6517

**EXHIBITS TO**
**MOTION**

# EXHIBITS A-F

# EXHIBIT "A"

COURTESY COPY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

NGM INSURANCE COMPANY,

                              Plaintiff,

            -against-

                                   Index No.
                                   07-CV-5417

BLAKELY PUMPING, INC., d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY INSURANCE
COMPANY,

                              Defendants.
-------------------------------------------------X

DATE:    January 30, 2008
         Poughkeepsie, New York

TIME:    10:28 A.M. - 11:20 A.M.

         Theresa Seholm, Reporter


                   DEPOSITION

                      OF

                 BRIAN BLAKELY

2

```
 1

 2

 3                    APPEARANCES:

 4

 5

 6       BRILL & ASSOCIATES, P.C.
         Attorneys for Plaintiff
         111 John Street, Suite 1070
 7       New York, New York  10038

 8

 9       BY:  HAYDN J. BRILL, ESQ.
         E-mail:  Hbrill@brillassociates.com

10

11       COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.
         Attorneys for Defendants:
12       Blakely Pumping, Inc. and Brian Blakely
         85 Main Street
13       Kingston, New York  12402

14

15       BY:  ROBERT E. NETTER, ESQ.

16

17       GOLDSTEIN & METZGER, LLP
         Attorneys for Defendants:
18       Peter J. Slingerland and Nancy Slingerland
         40 Garden Street
19       Poughkeepsie, New York  12601

20

21       BY:  PAUL J. GOLDSTEIN, ESQ.

22

23

24

25
```

3

1

2                              STIPULATIONS

3

4

5              IT IS HEREBY STIPULATED AND AGREED, by

6         and between the attorneys for the respective

7         parties hereto, that the sealing and filing

8         of the witness' deposition are hereby

9         waived.

10

11

12              It is further stipulated and agreed,

13         by and between the attorneys for the

14         respective parties hereto, that all

15         objections except as to form of the question

16         are reserved to the time of trial.

17

18

19              It is further stipulated and agreed,

20         by and between the attorneys for the

21         respective parties hereto, that they may

22         sign this deposition before any duly

23         qualified Notary Public.

24

25                     *    *    *    *

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
                (845) 471-2511

4

1

2   BRIAN BLAKELY,

3          a Defendant herein, having been first duly

4   sworn by a Notary Public of the State of New York

5   (Theresa Seholm), upon being examined, testified as

6   follows:

7

8                              * * * * *

9

10  EXAMINATION BY MR. BRILL:

11      Q    Would you state your name for the record,

12           please.

13      A    Brian Blakely.

14      Q    Would you state your address for the record,

15           please.

16      A    133 Piney Point Road, Boiceville, New York

17           12412.

18      Q    Mr. Blakely, my name is Haydn Brill.  I

19           represent National Grange Mutual Insurance

20           Company in an action that's been started to

21           adjudicate rights under insurance policies

22           over an accident that involved

23           Mr. Slingerland.

24                I'm going to be asking you some

25           questions about the case and your business

5

```
 1                    BRIAN BLAKELY
 2          and the accident, and if there's anything
 3          that I ask you that you don't understand,
 4          just please let me know and I'll be more
 5          than happy to rephrase it so you do
 6          understand.  Okay?
 7     A    Okay.
 8     Q    Also, the person sitting to my left and to
 9          your right is the court reporter.  As you
10          know she'll be recording everything that I
11          ask you and everything that you respond at
12          today's proceedings, and she can only record
13          one of us at a time, so please wait for me
14          to finish my question even though you might
15          anticipate what I'm going to ask you, and
16          respond verbally, because she can't record
17          you if you nod your head or make a hand
18          gesture.  Okay?
19     A    Okay.
20     Q    And you understand that even though there's
21          no judge or jury present today, that your
22          testimony is under oath?
23     A    Yes.
24     Q    Mr. Blakely, can you give me your date of
25          birth?
```

```
1                        BRIAN BLAKELY
2      A    February 12, 1984.
3      Q    And can you give me the benefit of your
4           educational background?
5      A    High school diploma.
6      Q    And what high school was that?
7      A    Onteora.
8      Q    Spell that, please.
9      A    O-n-t-e-o-r-a.
10     Q    And what year did you graduate high school?
11     A    2002.
12     Q    And after graduating high school did you
13          have any other continuing education,
14          technical school courses, certificates,
15          anything?
16     A    No.
17     Q    And after graduating high school, did you go
18          into the job market?
19     A    Yes.
20     Q    What kind of work did you do after
21          graduating high school?
22     A    Odd jobs, like delivering wood, plowed snow.
23     Q    Any other jobs besides snow removal and
24          wood?
25     A    Not really.  I mean odd jobs.
```

7

1                         BRIAN BLAKELY

2       Q     And when you say wood, that's delivery of

3             firewood --- (interrupted).

4       A     Firewood.

5       Q     -- to residential homes?

6       A     Correct.

7       Q     And were any of those businesses

8             incorporated or formally organized?

9       A     No.

10      Q     Were these your own businesses or were you

11            working with somebody else?

12      A     No, they were my own.

13      Q     And did you have to file any trade

14            certificates in the county where you were

15            doing work in connection with any of these

16            businesses?

17      A     No.

18      Q     Did any of those businesses have any type of

19            insurance?

20      A     No, they did not.

21      Q     How long did you do these odd jobs for?

22      BY MR. NETTER:

23            Maybe he's still doing them.

24      BY THE WITNESS:

25            Yeah.

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
(845) 471-2511

8

```
 1                        BRIAN BLAKELY
 2     A      Between two, three years.
 3            BY MR. BRILL:
 4     Q      Okay, and did you just do business under
 5            your own name or did you have a business
 6            name attached to any of these enterprises?
 7     A      Under my own name.
 8     Q      And did there come a time that you
 9            participated in the formation of a company
10            called Blakely Pumping, Inc.?
11     A      Yes.
12     Q      What is Blakely Pumping, Inc.?
13     A      It's a septic pumping business.
14     Q      And what geographic area does it serve?
15     A      Primarily Ulster County.
16     Q      And when was that company formed,
17            approximately, if you can recall?
18     A      2004.
19            BY MR. BRILL:
20                 Can you mark that, please.
21
22                 (Whereupon, the above-referred-to
23            Blakely Pumping Certificate of Incorporation
24            was marked as Plaintiff's Exhibit 1 for
25            Identification, as of this date, by the
```

9

1                          BRIAN BLAKELY

2              reporter.)

3

4      Q     Mr. Blakely, I'd like to show you what's

5              been marked as Plaintiff's Exhibit 1, which

6              is a five-page document and ask you at or

7              about the time Blakely Pumping, Inc. was

8              formed, did you arrange to have a

9              Certificate of Incorporation filed with the

10             Secretary of State to organize the

11             corporation?

12             BY MR. NETTER:

13                   Yes.

14             BY THE WITNESS:

15     A       Yes.

16             BY MR. BRILL:

17     Q       Okay.  And I'd like you to take a look at

18             Plaintiff's Exhibit 1 and ask you if that's

19             a true and accurate copy of the Certificate

20             of Incorporation filed in connection with

21             the organization of Blakely Pumping, Inc.,

22             to the best of your knowledge of course?

23     A       Yes.

24     Q       And that document was prepared at or about

25             the time that the Certificate of

                 MARY T. BABIARZ COURT REPORTING SERVICE, INC.
                              (845) 471-2511

BRIAN BLAKELY

2       Incorporation was filed with the Secretary

3       of State?

4  A  Correct.

5  Q  And that was approximately August of 2004?

6  A  Yes.

7  Q  Now, are you a shareholder in Blakely

8       Pumping?

9  A  Yes.

10  Q  And what percentage of the shares do you

11       own?

12  A  Four.

13  Q  Who owns the other shares?

14  A  My brother.

15  Q  That's Steven?

16  A  Steven.

17  Q  And he owns 96 percent?

18  A  Correct.

19  Q  Now, at some point after the corporation was

20       formed, did you and/or Steven arrange to

21       file a trade certificate with the county

22       indicating that Blakely Pumping was going to

23       do business under an assumed name?  I'll get

24       to the document in a second and I'll have it

25       marked.  I'm just asking as a general

11

BRIAN BLAKELY

2      matter.

3  A    Yes.

4      BY MR. BRILL:

5         Mark that as Plaintiff's Exhibit 2,

6      please.

7

8         (Whereupon, the above-referred-to

9      Trade Certificate of Assumed Name was marked

10     as Plaintiff's Exhibit 2 for Identification,

11     as of this date, by the reporter.)

12

13  Q   And was the trade name that Blakely Pumping,

14     Inc. utilized in connection with this

15     business Assential Pumping?

16  A   Yes.

17  Q   I'd like to show you what's been marked as

18     Plaintiff's Exhibit 2 and ask you if that's

19     a true and accurate copy, to the best of

20     your knowledge, of the Trade Certificate

21     filed for Blakely Pumping, Inc. doing

22     business under the trade name Assential

23     Pumping.

24  A   Yes.

25     BY MR. BRILL:

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
(845) 471-2511

12

```
1                        BRIAN BLAKELY
2                And just for the record, let the
3          record reflect that P4 is a four-page
4          document consisting of the certificate and
5          the filing receipts.
6          BY MR. NETTER:
7                What's the date on that?
8          BY MR. BRILL:
9                Recorded on September 13, 2004.  Would
10         you mark that, please.
11
12               (Whereupon, the above-referred-to
13         stock certificate was marked as Plaintiff's
14         Exhibit 3 for Identification, as of this
15         date, by the reporter.)
16
17   Q     At some point after the formation of the
18         corporation, were you issued a stock
19         certificate for four shares in the
20         corporation?
21   A     Yes.
22   Q     And I'd like to show you what's been marked
23         as Plaintiff's Exhibit 3 and ask you if this
24         is a true and accurate copy, to the best of
25         your knowledge, of the stock certificate
```

```
                            BRIAN BLAKELY
 1

 2              issued to you in connection with your

 3              ownership interest in Blakely Pumping, Inc.

 4      A       Yes.

 5      Q       And at the same time you were issued four

 6              shares of stock in the corporation, was your

 7              brother, Steven, issued a stock certificate

 8              for 96 shares in the company?

 9      A       Yes.

10      Q       And is Plaintiff's Exhibit 4 a true and

11              accurate copy, to the best of your

12              knowledge, of the stock certificate issued

13              to your brother, Steven, for 96 shares?

14      A       Yes.

15              BY MR. BRILL:

16                  Mark that, please.

17

18                  (Whereupon, the above-referred-to

19              meeting minutes of Blakely Pumping were

20              marked as Plaintiff's Exhibit 5 for

21              Identification, as of this date, by the

22              reporter.)

23

24      Q       In or about June of 2005, was there an

25              annual meeting of the corporation in which
```

14

BRIAN BLAKELY

1

2          you were appointed or elected as the vice

3          president of the corporation?

4     A    Yes.

5     Q    And I'd like to show you what's been marked

6          as Plaintiff's Exhibit 5 for Identification

7          and ask you if that's a true and accurate

8          copy of the minutes of the annual meeting in

9          which you were appointed as the vice

10         president of the corporation.

11    A    Yes.

12    Q    And at the same time was your brother,

13         Steven, appointed the president of the

14         corporation?

15    A    Yes.

16    Q    And did you and your brother, Steven, remain

17         in those offices until the time of your

18         accident with Mr. Slingerland?

19         BY MR. GOLDSTEIN:

20              What was that?

21         BY MR. BRILL:

22    Q    Was there any change in the officers between

23         the time of this annual meeting and the time

24         of your accident with Mr. Slingerland?

25    A    No.

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
(845) 471-2511

15

```
 1                      BRIAN BLAKELY
 2    Q     Were there any additional shareholders added
 3          to the corporation between the time the
 4          corporation was formed and the time of your
 5          accident with Mr. Slingerland?  Do you
 6          understand the question?  Did anybody else
 7          get stock in the corporation from the time
 8          you formed it until the time of the
 9          accident?

11                (Witness consulting with attorney.)

13    A     No.
14    Q     Did the corporation own any vehicles?

16                (Witness consulting with attorney.)

18          BY MR. NETTER:
19                Tell him what you know as far as ---
20          (interrupted).
21          BY THE WITNESS:
22    A     That would be a question for my brother, as
23          far as I'm concerned.  I have no knowledge
24          of when the truck was purchased.
25          BY MR. BRILL:
```

BRIAN BLAKELY

1

2    Q    You're referring to the pump truck ---
3         (interrupted).

4    A    Correct.

5    Q    -- that was used in the company's business?

6    A    Yes.

7    Q    Was the pump truck purchased before the
8         corporation was incorporated?

9    A    I can't remember that.  I mean, my brother
10        would have better knowledge of that than me.
11        I don't...

12   Q    Okay.  Do you recall where the pump truck
13        was purchased from?

14   A    Amthor Incorporated.

15   Q    Spell that, please.

16   A    A-m-t-h-o-r, Inc.

17   Q    And where are they located?

18   A    Walden, New York.

19   Q    And was it purchased new?

20   A    Yes.

21   Q    Were you with your brother at the time the
22        truck was purchased?

23   A    I was there when he picked it up.

24        BY MR. GOLDSTEIN:

25             This is the pump truck you're talking

1                    BRIAN BLAKELY

2           about?

3           BY THE WITNESS:

4                Yes.

5           BY MR. BRILL:

6     Q     And as a condition for driving it off the

7           lot, did you have to have insurance for that

8           truck?

9     A     Yes.

10    Q     And who had made the arrangements to get the

11          insurance for that truck?

12    A     My brother.

13    Q     Do you know how he did that?

14    A     I have no idea.

15    Q     At the -- now, were you also the owner of a

16          2005 Dodge pickup truck?

17    A     2004, yes.

18    Q     2004 pickup truck.  Excuse me.  And you

19          purchased that new?

20    A     Yes.

21    Q     Where did you purchase it from?

22    A     DeMicco Motors.

23    Q     D-i-m?

24    A     C-c-o.

25    Q     And where are they located?

18

1                          BRIAN BLAKELY

2      A     Eastchester Street, Kingston.

3      Q     And at the time you purchased that 2004

4            pickup truck, did you own any other

5            vehicles?

6      A     No.

7      Q     As a condition for driving the vehicle off

8            the lot, did you have to obtain insurance

9            for that vehicle?

10     A     Yes.

11     Q     And how did you obtain insurance for that

12           vehicle?

13     A     Through my insurance agent.

14     Q     Which one did you use?

15     A     Iapoce.

16     Q     And spell that, please.

17     A     I-a-p-o-c-e.

18     Q     And where is Iapoce Insurance located?

19           BY MR. NETTER:

20                Main Street.

21           BY THE WITNESS:

22     A     Main Street, Kingston.

23           BY MR. BRILL:

24     Q     And had you used Iapoce Insurance for any of

25           your insurance needs prior to the purchase

1              BRIAN BLAKELY

2        of the 2004 Dodge pickup truck?

3   A    Yes.

4   Q    And was that for the vehicle that you were

5        using in connection with your wood business

6        and your snow business?

7   A    Yes.

8   Q    And is there a person -- what was the name

9        of the person that you used to deal with at

10       Iapoce Insurance?

11  A    John I think it was.

12  Q    John Iapoce.  And beside the vehicle that

13       you used to use for your wood and your snow

14       removal business, were there any other

15       insurance policies that you obtained from

16       this agency?

17  A    No.

18  Q    Was a policy of insurance purchased from

19       Iapoce for the 2004 pickup truck that you

20       bought from DeMicco Motors?

21  A    Yes.

22  Q    Do you know what insurance company issued

23       that policy?

24       BY MR. GOLDSTEIN:

25            What was the pickup?  Dodge Ram was

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
(845) 471-2511

```
  1                    BRIAN BLAKELY
  2          the pickup?
  3          BY THE WITNESS:
  4               Yes.
  5    A     It was actually Progressive.
  6          BY MR. BRILL:
  7    Q     And at some point after the coverage was
  8          bound by Mr. Iapoce, did you receive a copy
  9          of the policy from Progressive?
 10    A     Yes.
 11    Q     And do you still have a copy of that policy?
 12    A     No.
 13    Q     Did somebody ask you to look for it recently
 14          and you couldn't find it?
 15    A     I have -- I probably wouldn't have it.
 16    Q     Have you searched for it recently?
 17    A     No.
 18    Q     I'm going to put a statement on the record.
 19          I'm going to ask your attorney to speak to
 20          you after this deposition and conduct a
 21          search for a copy of the policy that you
 22          obtained from Progressive that was in effect
 23          on November 3, 2005 at the time you had the
 24          accident with Mr. Slingerland, and if you
 25          locate a copy of that policy, to let your
```

```
 1                        BRIAN BLAKELY

 2            attorneys know, so they can provide us with

 3            a copy.  Okay?

 4       A    Okay.

 5

 6                 (PRODUCTION REQUEST)

 7

 8       Q    You don't know sitting here today whether

 9            Mr. Iapoce still has a copy of the

10            Progressive policy, correct?

11       A    No, I would not.

12       Q    As a result of either purchasing that

13            insurance or as a result of your accident

14            with Mr. Slingerland, were you aware or did

15            you become aware of what the liability

16            limits of that policy were?

17       A    No.

18       Q    In other words, are you aware of how much

19            coverage you had under that Progressive

20            policy for any accident that you might have

21            either caused or contributed to?

22       A    Not until I had the accident.

23       Q    And after the accident what did you find

24            out?

25       A    It was minimal.
```

22

1                          BRIAN BLAKELY

2      Q      $25,000?

3      A      Correct.

4      Q      Now, at the time of the accident, you were

5             living at the same address that you gave the

6             court reporter?

7      A      Yes.

8      Q      Who else lived in that house?

9      A      My parents.

10     Q      And did they own any vehicles?

11     A      Yes.

12     Q      And did they have insurance on those

13            vehicles?

14     A      Yes.

15     Q      Do you know who provided that insurance?

16     A      No.

17     Q      Do you know where they obtained the

18            insurance?

19     A      No.

20     Q      How many vehicles did they have in the

21            household?

22     A      Four.

23     Q      And can you give me the years and models of

24            the cars, approximate years if you don't

25            know the exact years?

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
(845) 471-2511

```
 1                    BRIAN BLAKELY

 2    A    Can I say something off the record?

 3    Q    Sure.

 4

 5              (Whereupon, there was a discussion

 6         held off the record.)

 7

 8    A    A '91 Honda Prelude.

 9    Q    A '91 Honda Prelude, okay.

10    A    I believe a 2000 Chevy 3500 high cube van,

11         box van, a '57 Chevy, and I'm not sure on

12         the year, I want to say '94, Toyota Corolla.

13    Q    And who were the primary drivers of each of

14         these vehicles?

15    A    My father.

16    Q    Did your father at any time, to your

17         knowledge, ever insure the 2004 Dodge pickup

18         under any insurance policies he may have

19         maintained for these vehicles?

20    A    No.

21    Q    And do you know who had the insurance

22         policies on these various vehicles that

23         you --- (interrupted).

24    A    I don't know.

25    Q    Now, at some point on November 3, 2005 you
```

24

```
 1                      BRIAN BLAKELY

 2          were involved in a motor vehicle accident

 3          with Peter Slingerland, correct?

 4    A     Yes.

 5    Q     And at some point after that accident

 6          occurred, you and Blakely Pumping, Inc. were

 7          sued by Mr. Slingerland for personal

 8          injuries he allegedly sustained in that

 9          accident, correct?

10    A     Yes.

11    Q     And on or about July 12, 2006 did you appear

12          for a deposition to give testimony in that

13          personal injury action?

14    A     Yes.

15    Q     And were you represented by an attorney?

16    A     Yes.

17          BY MR. BRILL:

18                Could I have this marked as

19          Plaintiff's Exhibit 6.

20

21                (Whereupon, the above-referred-to copy

22          of deposition transcript of 7/12/06 was

23          marked as Plaintiff's Exhibit 6 for

24          Identification, as of this date, by the

25          reporter.)
```

25

BRIAN BLAKELY

1

2

3    Q    And at some point after you appeared in

4         Poughkeepsie to give testimony in that

5         deposition, did you obtain from your lawyers

6         a copy of the booklet that was prepared of

7         your testimony?

8    A    Yes.

9    Q    And I'd like to show you what's been marked

10        as Plaintiff's Exhibit 6 for Identification

11        and ask you if that's a copy, a true and

12        accurate copy, to the best of your knowledge

13        of the testimony that you gave on July 12,

14        2006?

15   A    Yes.

16   Q    And is the testimony that was -- withdrawn.

17        And after you received this transcript, were

18        you given instructions by your attorney to

19        read it and correct any mistakes?

20   A    Yes.

21   Q    And did you do so?  Did you review it?

22   A    Yes, I reviewed it.

23   Q    Did you have to make any corrections?

24   A    No.

25   Q    And is the testimony that you gave in that

```
                          BRIAN BLAKELY
 1
 2              deposition truthful and accurate?
 3    A         Yes.
 4    Q         Other than the pump truck and the 2004
 5              pickup truck, did you use any other vehicles
 6              in connection with the business of Blakely
 7              Pumping, Inc.?
 8    A         No.
 9    Q         At the time of your accident with
10              Mr. Slingerland, did you have any other
11              automobile policies with any other insurance
12              company besides the personal automobile
13              policy you had with Progressive Insurance or
14              the commercial policy that you had with
15              National Grange Mutual?
16    A         No.
17    Q         Do you know anyone by the name of Chandra
18              Shock?
19              BY MR. GOLDSTEIN:
20                   Who?
21              BY MR. BRILL:
22                   Stott rather, Chandra, C-h-a-n-d-r-a
23              Stott, S-t-o-t-t.
24    A         No.
25    Q         Were you involved in any way, shape, or form
```

27

```
 1                       BRIAN BLAKELY

 2            with the procurement of insurance for

 3            Blakely Pumping, Inc.?

 4     A      No.

 5     Q      That was something that your brother

 6            handled?

 7     A      Yes.

 8     Q      At the time of your accident with

 9            Mr. Slingerland you were using the 2004

10            pickup truck, correct?

11     A      Correct.

12     Q      Where were you coming from and where were

13            you going to?

14     A      I was coming from Home Depot to pick up some

15            supplies, tools, and headed westbound to a

16            job on 28.

17     Q      Is it accurate to say that when you

18            didn't -- that unless you needed to use the

19            pump truck for the business, you would use

20            the pickup truck in connection with the

21            business?

22     A      Correct.

23     Q      And you only used the pump truck when you

24            actually had to go and pump somebody?

25     A      Exactly.
```

MARY T. BABIARZ COURT REPORTING SERVICE, INC.
(845) 471-2511

28

                              BRIAN BLAKELY

1

2    Q    To keep the mileage of it and to keep the

3         wear and tear down?

4    A    And the fuel.

5    Q    And the fuel.  At the time of the accident

6         were you returning from Home Depot or going

7         to Home Depot?

8    A    Returning.

9    Q    So, you had been there in the pump truck,

10        bought some supplies for the business, and

11        you were heading to a customer?

12   BY MR. NETTER:

13        Not in the pump truck.  In the pickup

14        truck.

15   BY MR. BRILL:

16        In the pickup truck.

17   BY MR. GOLDSTEIN:

18        You said pump truck.

19   BY MR. BRILL:

20        Oh, I'm sorry.

21   Q    At the time of the accident you had already

22        been to Home Depot in the pickup truck?

23   A    Correct.

24   Q    And you had bought some supplies for the

25        business and you were going to a customer's

29

```
 1                          BRIAN BLAKELY
 2            house?
 3    A      Yes.
 4    Q      And do you remember the name of the
 5            customer?
 6    A      No.
 7    Q      And that's when the accident occurred?
 8    A      Correct.
 9    Q      And that was your usual route -- withdrawn.
10            BY MR. BRILL:
11                Okay.
12            BY MR. GOLDSTEIN:
13                Off the record.
14
15                (Whereupon, there was a discussion
16            held off the record.)
17
18            BY MR. BRILL:
19    Q      Do you still have the registration for the
20            pickup truck for 2005, the registration?
21    A      For which vehicle, the pickup?
22    Q      For the pickup truck that would have been
23            issued in 2005.
24    A      No.
25    Q      The registration was in your name
```

```
                              BRIAN BLAKELY
 1
 2              personally?

 3     A        Yes.

 4     Q        You purchased it in your name personally?

 5     A        My father co-signed.

 6     Q        But it was purchased by you?

 7     A        Yes.

 8     Q        And he guaranteed the loan?

 9     A        Yes.

10     Q        In addition to using the pickup truck in

11              your business from time to time, you also

12              used it for your personal use?

13     A        Correct.

14     Q        Did you have any other vehicles -- did you

15              own any other vehicles in 2005?

16     A        No.

17     Q        Did there come a time when you were advised

18              that Progressive had resolved all or a part

19              of Mr. Slingerland's personal injury claim?

20     A        Would you repeat that?

21     Q        Sure.  Did there come a time that you

22              learned that Progressive Insurance Company

23              on your behalf resolved Mr. Slingerland's

24              bodily injury, personal injury, claim in

25              whole or in part for the sum of $25,000?
```

31

| | | |
|---|---|---|
| 1 | | BRIAN BLAKELY |
| 2 | A | Yes. |
| 3 | Q | Do you remember when that was, |
| 4 | | approximately? |
| 5 | A | Four months ago. |
| 6 | | BY MR. BRILL: |
| 7 | | Thank you.  I have no further |
| 8 | | questions. |
| 9 | | BY MR. GOLDSTEIN: |
| 10 | | No questions.  Off the record. |
| 11 | | |
| 12 | | (Whereupon, there was a discussion |
| 13 | | held off the record.) |
| 14 | | |
| 15 | | BY MR. GOLDSTEIN: |
| 16 | | I do have some questions. |
| 17 | EXAMINATION BY MR. GOLDSTEIN: |
| 18 | Q | Do you know the agent, the name of the agent |
| 19 | | who you used to get the insurance for the |
| 20 | | corporation for National Grange? |
| 21 | A | I believe it was Naccarato Insurance. |
| 22 | | That's all I know. |
| 23 | | BY MR. BRILL: |
| 24 | | Spell it, please. |
| 25 | | BY THE WITNESS: |

```
 1                      BRIAN BLAKELY
 2                  N-a-c-c-a-r-a-t-o.
 3          BY MR. GOLDSTEIN:
 4      Q   Did you have any meetings with Naccarato
 5          Insurance?
 6      A   No.
 7      Q   After the accident did you notify Naccarato
 8          Insurance or National Grange about the
 9          accident?
10      A   I did not, but I spoke to my lawyer and he
11          said he would take care of it.
12      Q   And what lawyer is that?
13      A   Al Mainetti.
14      Q   Was it your understanding he either called
15          them or sent them a letter or did something
16          else?  What did you understand that he did?
17      A   That he would take care of it.
18      Q   Did he send you a copy of any letter that he
19          sent to the insurance company?
20      A   It's so long ago, I don't recall.
21      Q   All right.  Do you have any letters from him
22          in which he -- do you have any letters from
23          him?
24      A   From Al?  In regards to?
25      Q   This accident.
```

1                       BRIAN BLAKELY

2      A    Yes.

3      Q    Could I ask you to look through those

4           letters and see if you have a copy of the

5           letter that he sent to the insurance

6           company, either Naccarato Insurance or

7           National Grange?

8      A    Yes.

9      Q    And produce a copy, please?

10     A    Yes.

11

12              (PRODUCTION REQUEST)

13

14          BY MR. GOLDSTEIN:

15              That's it.

16   EXAMINATION BY MR. BRILL:

17     Q    Where is Naccarato Insurance located?

18     A    Saugerties.

19     Q    And what's the name of the person that you

20          dealt with at Naccarato Insurance?

21     A    I didn't deal with it.

22     Q    Or your brother dealt with?

23     A    I don't know who he dealt with.

24     Q    Did you or your brother or anybody else in

25          your family get any other type of insurance

34

```
1                         BRIAN BLAKELY
2              from Naccarato Insurance?
3      A       Not that I know of, no.
4      Q       And the insurance that you're referring to
5              is the commercial business policy that
6              Blakely Pumping obtained from National
7              Grange?
8      A       Correct.
9      Q       Did you ever hear of a company by the name
10             of The Deforest Agency?
11     A       Yes.
12     Q       Who are they?
13     A       I believe they are a part of the National
14             Grange.
15     Q       And how do you know The Deforest Agency?
16     A       Through the business, through insurance
17             cards for the pump truck, and letters
18             involving the accident.
19             BY MR. BRILL:
20                  Okay.  Thank you.
21     EXAMINATION BY MR. GOLDSTEIN:
22     Q       Did you ever have to furnish your insurance
23             policy for your Dodge truck to anyone, any
24             insurance company?
25     A       In regards to the accident?
```

35

```
 1                        BRIAN BLAKELY
 2    Q    Well, before the accident.  To Naccarato
 3         before you got the insurance for the
 4         company.
 5    A    No.
 6         BY MR. GOLDSTEIN:
 7              Thanks.
 8         BY MR. BRILL:
 9              That's it.
10
11              (Whereupon, there was a discussion
12         held off the record.)
13
14         BY MR. BRILL:
15              I have some more questions.
16    EXAMINATION BY MR. BRILL:
17    Q    Do you know whether or not -- withdrawn.  Do
18         you know why Steven started using the
19         Naccarato Insurance Agency for his insurance
20         needs?
21    A    I do not know.
22         BY MR. BRILL:
23              Thank you.
24         BY MR. GOLDSTEIN:
25              Off the record.
```

36

                              BRIAN BLAKELY

                    (Whereupon, there was a discussion
              held off the record.)


              BY MR. BRILL:
                    I have a few more.
         Q    Did you ever tell anybody at The Deforest
              Agency or Naccarato Insurance that you were
              using a personal automobile for the business
              of Blakely Pumping?
         A    I had no dealings with the insurance
              company.
         Q    Do you know of anybody who did?  Do you know
              if anybody ever told someone at either of
              these agencies that you had been using a
              personal auto for the business of Blakely
              Pumping?
         A    No.
              BY MR. BRILL:
                    Thank you.
         EXAMINATION BY MR. GOLDSTEIN.
         Q    Do you know why your brother got the
              non-owned automobile endorsement?  Do you
              know why?

37

```
 1                    BRIAN BLAKELY
 2      A     No.
 3      Q     Did he ever discuss it with you?
 4      A     I have no idea.
 5      Q     Did he ever discuss what insurances he
 6            needed to get or by from Naccarato?
 7      A     No.
 8      Q     So, he was in charge of purchasing the
 9            insurance and dealing with them?
10      A     Correct.
11            BY MR. GOLDSTEIN:
12                  Thank you.
13            BY MR. BRILL:
14                  Thank you.
15
16                  (Whereupon, the deposition of
17            BRIAN BLAKELY was concluded at 11:20 a.m.)
18
19
20                        X_____
                          BRIAN BLAKELY
21
22
23   Subscribed and sworn to before me
24   this_____ day of_____2008.
25   X_____
     NOTARY PUBLIC
```

38

1

2                                    I N D E X

3

4    WITNESS                                      PAGE

5    BRIAN BLAKELY                                  4

6

7    EXAMINATION BY                               PAGE

8    MR. BRILL                              4, 33, 35

9    MR. GOLDSTEIN                         31, 34, 36

10

11

12

     PLAINTIFF'S EXHIBITS
13   FOR IDENTIFICATION          DESCRIPTION       PAGE

14   1           Blakely Pumping Certificate of     8
                 Incorporation
15
     2           Trade Certificate of Assumed Name   11
16
     3           Stock certificate                   12
17
     4           Meeting minutes of Blakely Pumping  13
18
     5           Copy of deposition transcript of    24
19               7/12/06

20

21

     INFORMATION/DOCUMENT REQUESTS               PAGE
22
     Production of a copy of the policy with       21
23   Progressive that was in effect on
     November 3, 2005
24
     Production of a copy of any letter sent       33
25   to either Naccarato Insurance or National
     Grange from the witness' attorney

          MARY T. BABIARZ COURT REPORTING SERVICE, INC.
                        (845) 471-2511

39

```
 1
 2                    C E R T I F I C A T E
 3    STATE OF NEW YORK      )
                             )SS:
 4    COUNTY OF DUTCHESS     )
 5
 6              I, THERESA SEHOLM, a Court Reporter and
 7    Notary Public within and for the State of New York, do
 8    hereby certify:
 9
10              That BRIAN BLAKELY,
11    the witness whose deposition is hereinbefore set
12    forth, was duly sworn by me and that such deposition
13    is a true record of the testimony given by the
14    witness.
15              I further certify that I am not related to
16    any of the parties to this action by blood or marriage
17    and I am in no way interested in the outcome of this
18    matter.
19              IN WITNESS WHEREOF, I have hereunto set my
20    hand this 4th day of February, 2008.
21
22
23                              _____
24                                   Theresa Seholm
25
```

40

1

2                          LAWYER'S NOTES

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT "B"

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
--------------------------------------------------------------x
PETER J. SLINGERLAND and
NANCY SLINGERLAND,

                                    Plaintiffs,

        - against -

                                                    **SUMMONS**

BRIAN J. BLAKELY,

                                    Defendant.                    Index No: 4124/2005
--------------------------------------------------------------x

**To the above named Defendant:**

        YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attor
an answer to the complaint in this action within twenty (20) days after the service of this
summons, exclusive of the day of service, or within thirty (30) days after service is complete i
this summons is not personally delivered to you within the State of New York. In case of you
failure to answer, judgment will be taken against you by default for the relief demanded in the
complaint.

        The basis of the venue designated is Plaintiffs' Residence. Plaintiffs reside in Kingston
County of Ulster, State of New York.

Dated: November 23, 2005
        Poughkeepsie, New York

                                    Yours, etc.

                                    GOLDSTEIN & METZGER, LLP
                                    Attorneys for Plaintiffs

                                    By:

                                        Paul J. Goldstein, Esq.
                                        40 Garden Street
                                        Poughkeepsie, NY 12601
                                        (845) 473-7000

TO:     BRIAN J. BLAKELY
        133 Piney Point Road
        Boiceville, NY 12412

                                            **FILED**
                                        —H ——M

                                        DEC 0 7 2005

                                        NINA POSTUPACK
                                        ULSTER COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

COPY

-------------------------------------------------------------x

PETER J. SLINGERLAND and NANCY SLINGERLAND,

VERIFIED COMPLAINT

Plaintiffs,

-against-

Index No: 05-412

BRIAN J. BLAKELY,

Defendant.

-------------------------------------------------------------x

Plaintiffs, by their attorneys, GOLDSTEIN & METZGER, LLP, complaining of the defendant, allege as follows:

1. At all times herein mentioned, plaintiffs were husband and wife and resided in the County of Ulster, State of New York.

2. Upon information and belief, at all times herein mentioned, defendant, Brian J. Blakely, resided in the County of Ulster, State of New York.

3. At all times herein mentioned, plaintiff, Peter J. Slingerland, was the owner and operator of a motor vehicle bearing New York registration number ADR7398 for the year 2005.

4. Upon information and belief, at all times herein mentioned, defendant, Brian J. Blakely, was the owner and operator of a motor vehicle bearing New York registration number 26788JB for the year 2005.

5. At all times herein mentioned, State Route 28, at its intersection with Forest Hill Drive, in the Town of Ulster, County of Ulster, State of New York, was a public roadway.

6. On or about November 3, 2005, at approximately 7:30 A.M., an accident occurred on said public roadway.

1

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

FILED
——H——M

DEC 0 1 2005

NINA POSTUPACK
ULSTER COUNTY CLERK

7.  That said accident and all of plaintiff's injuries resulting therefrom were caused and brought about solely through the negligence of the defendant.

8.  That by reason of the foregoing, plaintiff, Peter J. Slingerland, sustained a serious injury as defined in subsection (d) of Section 5102 of the Insurance Law, economic loss greater than basic economic loss as defined in subsection (a) of Section 5102 of the Insurance Law, all to all to his damage in an amount exceeding the monetary jurisdiction of all lesser courts in the State of New York.

### AS AND FOR A SECOND CAUSE OF ACTION

9.  Plaintiffs repeat, reiterate and reallege, with the same force and effect as though fully set forth herein, each and every allegation previously contained in this complaint.

10. That by reason of the foregoing accident, plaintiff, Nancy Slingerland, has lost the aid, comfort, society, consortium, services and care of her spouse, plaintiff, Peter J. Slingerland, all to her damage in an amount exceeding the monetary jurisdiction of all lesser courts in the State of New York.

**WHEREFORE**, plaintiffs demand judgment against the defendant as follows:

(a)  In an amount commensurate with the injuries sustained by plaintiff, Peter J. Slingerland, on the First Cause of Action;

(b)  In an amount commensurate with the loss of services sustained by plaintiff, Nancy Slingerland, on the Second Cause of Action;

together with the costs, disbursements and attorneys' fees of this action and such other and further relief which as to this Court may seem just and proper.

Dated: November 23, 2005
Poughkeepsie, New York

2

Re:    Slingerland v. Blakely

Yours, etc.

GOLDSTEIN & METZGER, LLP
Attorneys for Plaintiffs

By: _____
        Paul J. Goldstein, Esq.
        40 Garden Street
        Poughkeepsie, NY 12601
        (845) 473-7000

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

RE:    Slingerland v. Blakely

STATE OF NEW YORK, COUNTY OF DUTCHESS:

    I, the undersigned, am an attorney admitted to practice in the courts of New York, and that I am the attorney of record, or of counsel with the attorney of record for plaintiffs. I have read the annexed Summons & Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

    Facts and information contained in plaintiffs' file.

    The reason I make this affirmation instead of plaintiffs is because plaintiffs presently reside out of the county where your affirmant maintains his office.

    I affirm the foregoing statements are true under penalties of perjury.

Dated:    November 23, 2005

                              PAUL J. GOLDSTEIN, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

-----------------------------------------------------------------x

PETER J. SLINGERLAND and
NANCY SLINGERLAND,

                                Plaintiffs,

           - against -

BRIAN J. BLAKELY and BLAKELY PUMPING, INC.
d/b/a ASSENTIAL PUMPING,

                              Defendants.

-----------------------------------------------------------------x

**FILED**

FEB 13 2006

NINA POSTUPACK
ULSTER COUNTY CLERK

**AMENDED SUMMONS**

Index No: 4124/2005

**RECEIVED**

FEB 17 2006

GOLDSTEIN & METZGER, LLP

**To the above named Defendants:**

    YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attorne an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is Plaintiffs' Residence. Plaintiffs reside in Kingston, County of Ulster, State of New York.

Dated: February 9, 2006
       Poughkeepsie, New York

                          Yours, etc.

                          GOLDSTEIN & METZGER, LLP
                          Attorneys for Plaintiffs

                          By:
                             Paul J. Goldstein, Esq.
                             40 Garden Street
                             Poughkeepsie, NY 12601
                             (845) 473-7000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
------------------------------------------------------------------------x
PETER J. SLINGERLAND and NANCY SLINGERLAND,

                       Plaintiffs,

          -against-

BRIAN J. BLAKELY and BLAKELY PUMPING, INC.
d/b/a ASSENTIAL PUMPING,

                       Defendants.
------------------------------------------------------------------------x

                                          AMENDED
                            VERIFIED COMPLAIN

                           Index No:  4124/2005

Plaintiffs, by their attorneys, GOLDSTEIN & METZGER, LLP, complaining of the defendants, allege as follows:

## THE PARTIES

1.    At all times herein mentioned, plaintiffs were husband and wife and resided in the County of Ulster, State of New York.

2.    At all times herein mentioned, plaintiff, Peter J. Slingerland, was the owner and operator of a motor vehicle bearing New York registration number ADR7398 for the year 2005.

3.    Upon information and belief, at all times herein mentioned, defendant, Brian J. Blakely, resided in the County of Ulster, State of New York.

4.    Upon information and belief, at all times herein mentioned, defendant, Blakely Pumping, Inc., was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, doing business in the County of Ulster, State of New York.

5.    Upon information and belief, at all times herein mentioned, defendant, Blakely Pumping, Inc., conducted business under the assumed name of Assential Pumping, a Certificate of Assumed Name being filed under the General Business

Law on or about September 13, 2004, in the Ulster County Clerk's Office.

6.    Upon information and belief, at all times herein mentioned, defendant, Brian J. Blakely, was the owner and operator of a motor vehicle bearing New York registration number 26788JB for the year 2005.

7.    Upon information and belief, at all times herein mentioned, defendant, Brian J. Blakely, was an employee of defendant, Blakely Pumping, Inc. d/b/a Assential Pumping.

8.    Upon information and belief, at all times herein mentioned, at the time of the accident, defendant, Brian J. Blakely, was acting in the course/scope of his employment with defendant, Blakely Pumping, Inc. d/b/a Assential Pumping.

9.    At all times herein mentioned, State Route 28, at its intersection with Forest Hill Drive, in the Town of Ulster, County of Ulster, State of New York, was a public roadway.

10.    On or about November 3, 2005, at approximately 7:30 A.M., an accident occurred on said public roadway.

11.    That said accident and all of plaintiff's injuries resulting therefrom were caused and brought about solely through the negligence of the defendants.

12.    Limitations on liability set forth in Article 16 of the Civil Practice Law and Rules do not apply to the instant action in that this action comes under one of the exemptions set forth in Section 1602 of the CPLR.

13.    That by reason of the foregoing, plaintiff, Peter J. Slingerland, sustained a serious injury as defined in subsection (d) of Section 5102 of the Insurance Law or economic loss greater than basic economic loss as defined in subsection (a) of Section 5102 of the Insurance Law, all to all to his damage in an amount

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

exceeding the monetary jurisdiction of all lesser courts in the State of New York

## AS AND FOR A SECOND CAUSE OF ACTION

14.     Plaintiffs repeat, reiterate and reallege, with the same force and effect as though fully set forth herein, each and every allegation previously contained in this complaint.

15.     That by reason of the foregoing accident, plaintiff, Nancy Slingerland, has lost the aid, comfort, society, consortium, services and care of her spouse, plaintiff, Peter J. Slingerland, all to her damage in an amount exceeding the monetary jurisdiction of all lesser courts in the State of New York.

**WHEREFORE**, plaintiffs demand judgment against the defendant as follows:

(a)     In an amount commensurate with the injuries sustained by plaintiff, Peter J. Slingerland, on the First Cause of Action;

(b)     In an amount commensurate with the loss of services sustained by plaintiff, Nancy Slingerland, on the Second Cause of Action;

together with the costs, disbursements and attorneys' fees of this action and such other and further relief which as to this Court may seem just and proper.

Dated: February 9, 2006
       Poughkeepsie, New York

Yours, etc.

GOLDSTEIN & METZGER, LLP
Attorneys for Plaintiffs

By: _____
       Paul J. Goldstein, Esq.
       40 Garden Street
       Poughkeepsie, NY 12601
       (845) 473-7000

3

RE:    Slingerland v. Blakely, et al
        Index No. 4124/2005

STATE OF NEW YORK, COUNTY OF DUTCHESS:

    I, the undersigned, am an attorney admitted to practice in the courts of New York, and s
that I am the attorney of record, or of counsel with the attorney of record for plaintiffs.  I have
read the annexed Amended Summons & Amended Verified Complaint, know the contents
thereof and the same are true to my knowledge, except those matters therein which are stated to
be alleged on information and belief, and as to those matters I believe them to be true.  My belie
as to those matters therein not stated upon knowledge, is based upon the following:

    Facts and information contained in plaintiffs' file.

    The reason I make this affirmation instead of plaintiffs is because plaintiffs presently
reside out of the county where your affirmant maintains his office.

    I affirm the foregoing statements are true under penalties of perjury.

Dated:   February 9, 2006

                                                        PAUL J. GOLDSTEIN, ESQ.

# EXHIBIT "C"

# MINUTES OF FIRST MEETING

## OF

## BOARD OF DIRECTORS

## OF

BLAKELY PUMPING, INC.

PLAINTIFF'S
EXHIBIT ID

CE 6|13|07

PENGAD 800-631-6989



The first meeting of the Board of Directors of

Blakely Pumping, Inc.

was held on the  17 day of    June         , 2004  , at  2:00

o'clock in the after  noon at   101 Green Street,
Kingston, New York

The following were present:

    Steven D. Blakely and      Brian Blakely


being all of the Directors of the Corporation


        Upon motion duly made, seconded and unanimously carried,
STEVEN A. BAKEN was elected temporary Chairman, and acted as such until
relieved by the President, and, STEVEN A. BLAKELY   was elected temporary
Secretary, and acted as such until relieved by the permanent Secretary


        A written waiver of notice of this meeting, signed by all of
the Directors, was then prepared and read by the Secretary.


        A written waiver of notice of this meeting, signed by all of
the Directors, was then presented and read by the Secretary.


        A written waiver of notice of this meeting, signed by all of
the Directors, was then presented and read by the Secretary and was ordered
appended to these Minutes.

5

The meeting then proceeded to the election of officers. The following persons were duly nominated; and on motion duly made, seconded and unanimously carried, the following were elected as officers of the Corporation to serve until the next annual meeting or until their respective successors are elected and qualified:

For President: _STEVEN D. BLAKELY_____

For Vice President: _BRIAN J BLAKELY_____

For Secretary: _STEVEN D. BLAKELY_____

For Treasurer: _STEVEN D. BLAKELY_____

The President and Secretary thereupon assumed their respective offices in place instead of the Temporary Chairman and the Temporary Secretary.

On motion duly made, seconded and unanimously carried, it was

**RESOLVED,** that the certificate for shares in this Corporation be in the form of the specimen certificate submitted to this meeting and affixed by order of this Board to the minutes of this meeting.

## SPECIMEN STOCK CERTIFICATE

SHARES

Specimen

THE STATE OF NEW YORK

INCORPORATED UNDER THE LAWS OF

# BLAKELY PUMPING, INC.

TOTAL AUTHORIZED ISSUE
200 COMMON SHARES AT NO PAR VALUE

## SPECIMEN

This Certifies That

In Witness Whereof

President

© BLACKSTONE STATIONERS, INC. - VI

On motion duly made, seconded and unanimously carried, it was

RESOLVED, that the Corporation proceed to carry on the business for which it was incorporated.

On motion duly made, seconded and unanimously carried, it was

RESOLVED, that this Corporation open an account with  CHARTER ONE
located at WALL STREET, KINGSTON
branch office, which is hereby designated as the depository of the funds of this Corporation; that the usual and customary printed form of the corporate resolution prepared and currently being used by said depository be and the same hereby is adopted as the resolution of this Board as though set forth at length, as such form shall be prepared as to provide for the making and endorsing of all checks and other commercial papers of, and the making of, any loans by, and the transaction of all business for this Corporation with said depository, by the following of the officers of the Corporation:

STEVEN D. BLAKELY
BRIAN J. BLAKELY

and the Secretary is authorized to certify a copy of such printed resolutions as having been adopted by this board in accordance with this resolution and he is hereby directed to affix a copy thereof to these minutes.

The secretary then presented to the meeting a written proposal from

to this Corporation.    N /A

Upon motion duly made and carried, the said proposal was ordered filed with the Secretary, and he was requested to spread the same at length upon the minutes, said proposal being as follows:

N /A

The proposal was taken up for consideration and the following resolution was on motion unanimously adopted:  N/4

WHEREAS, a written proposal had been made to this Corporation by

in the form as set forth above in these minutes, and

WHEREAS, in the judgment of this Board of Directors, the assets proposed to be transferred to the Corporation are reasonably worth the amount of the consideration demanded therefor, and that it is in the best interests of this Corporation to accept the said offer as set forth in said proposal, now, therefor, it is

RESOLVED, that said offer, as set forth in said proposal, be and the same hereby is approved and accepted, and that in accordance with the terms thereof, this Corporation, shall as full payment for said property issue and deliver to said offeror(s) or nominee(s) shares of this Corporation, and it is further

RESOLVED, that upon the delivery to this Corporation of said assets and the execution and delivery of such proper instruments as may be necessary to transfer and convey the same to this Corporation, the officers of this Corporation are authorized and directed to issue and deliver the shares of this Corporation required to be issued and delivered on acceptance of said offer, in accordance with the foregoing resolution.

On motion duly made, seconded and unanimously carried, it was

**RESOLVED,** that the By-Laws adopted at the Incorporator's Organization Meeting and made a part of the minutes of said meeting, be and they hereby are adopted as the By-Laws of this Corporation, and it was further

**RESOLVED,** that all of the other acts taken and decisions made at the Incorporator's Organization Meeting be and they hereby are ratified and adopted by this Board of Directors.

There being no further business before the meeting, the same was, on motion, duly adjourned.

Dated the _Seventeenth_ day of _June_ 20 04.

_____
Secretary

_____
President

EXHIBIT "D"

PLAINTIFF'S
EXHIBIT
3



COPY

PLAINTIFF'S
EXHIBIT
1/30/08
4



COPY

EXHIBIT "E"

SERVICO – 35

( 040609000 728

CERTIFICATE OF INCORPORATION

OF

**BLAKELY PUMPING, INC.**

Under Section 402 of the Business Corporation Law

FILED
2 H 17 M

AUG 2 3 2004

ALBERT SPADA
ULSTER COUNTY CLERK

The undersigned, a natural person of the age of eighteen years or over, desiring to form a corporation pursuant to the provisions of the Business Corporation Law of the State of New York, hereby certifies as follows

FIRST   The name of the corporation is

**BLAKELY PUMPING, INC.**

SECOND   The purpose for which it is formed is as follows

To engage in any lawful act or activity for which corporations may be formed under the Business Corporation Law provided that the corporation is not formed to engage in any act or activity which requires the consent or approval of any state official, department, board agency or other body, without such approval or consent first being obtained

For the accomplishment of the aforesaid purposes, and in furtherance thereof, the corporation shall have and may exercise all of the powers conferred by the Business Corporation Law upon corporations formed thereunder, subject to any limitations contained in Article 2 of said law or in accordance with the provisions of any other statute of the State of New York

THIRD   The office of the corporation in the State of New York is to be located in the County of Ulster

FOURTH   The aggregate number of shares which the corporation shall have the authority to issue is 200 shares at no par value

PLAINTIFF'S
EXHIBIT

1/30/08   73

040609000 728

## SERVICO - 35

CERTIFICATE OF INCORPORATION

OF

**BLAKELY PUMPING, INC.**

FILER

Servico Inc

P O Box 871

Albany, New York  12201

Acct #  13069

**CUSTOMER REFERENCE NUMBER:**  3977

STATE OF NEW YORK
PTMENT OF STATE
FILED  JUN 0 9 2004
TAX $
BY:

**DRAWDOWN**

3

758

EXHIBIT "F"

**SERVICO-35**

## CERTIFICATE OF ASSUMED NAME
Pursuant to Section 130 of the General Business Law

1) The name of the entity is    **BLAKELY PUMPING, INC.**

2) Business is formed under    Business Corporation Law

3) Assumed Name    ASSENTIAL PUMPING

4) Principal place of business in New York State

11 Mary Lou Lane
Shokan, NY  12481
County  Ulster

_____(If none, check and insert out of state address above )

5) Counties in which business will be conducted under the assumed name
( __ All Counties)
        Ulster

6) Addresses and County of each business location within New York State
(or _____ No New York State Business Location)

11 Mary Lou Lane
Shokan, NY  12481
Ulster

s/Steven D  Blakely
BY  Steven D  Blakely, President

FILED
H 54 M
SEP 13 2004

ALBERT SPADA
ULSTER COUNTY CLERK

C349323

04-1810

PLAINTIFF'S
EXHIBIT
1/30/08

## SERVICO-35

C349323

CERTIFICATE OF ASSUMED NAME

OF

CORPORATE NAME:     **BLAKELY PUMPING, INC.**
ASSUMED NAME:       **ASSENTIAL PUMPING**

Pursuant to Section 130 of the General Business Law

Acct  10369

**CUSTOMER REFERENCE NUMBER:   4282**

FILER
Merck CPA's & Consultants
101 Green Street
Kingston, NY  12401

0406090000728
m1

**State of New York - Department of State**

File Date _____ JUN 2 5 2004 _____

Amt of Ch/Charge $ 60 _____ Auth # _____

Filing Fee $ 25 _____ Cnty Fee $ 25

(#) 1 Copy Fee $ 10 _____ Refund $ _____

Spec Handle C $ _____ Spec Handle F $ _____

By _____ m1