**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

NGM  INSURANCE COMPANY,

                    Plaintiff,

        -against-

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                    Defendants.

-------------------------------------------------------------------------x

Docket No.:
07-CV-6517

**EXHIBITS TO**
**MOTION**

# EXHIBITS S-Y

EXHIBIT  S

# GOLDSTEIN & METZGER, LLP

### ATTORNEYS AT LAW

| | | |
|---|---|---|
| Mark J. Metzger<br>Paul J. Goldstein | 40 Garden Street<br>Poughkeepsie, NY 12601-3106 | Maryanne Quick |
| Peter C. McGinnis<br>Counsel | (845) 473-7000<br>Facsimile (845) 454-4783<br>http://www.goldsteinmetzger.com | Paralegal |

March 20, 2006

NATIONAL GRANGE MUTUAL INSURANCE COMPANY
WENDY TULOWIECKI
PO BOX 4828
SYRACUSE, NEW YORK 13221

> RE:   Peter J. Slingerland
>        Your Insured: Assential Pumping, Inc.
>        Your File No. MPV52824-001-~~678~~ 6 75
>        D/Loss: 11/03/05

Dear Ms. Tulowiecki:

As you know, this office represents Peter J. Slingerland, for serious injuries sustained in the above-referenced matter.

Enclosed please find a copy of an Amended Summons & Amended Verified Complaint which requires an appearance. Kindly see that an Answer is forthcoming.

Also, kindly send this office a copy of the **full** insurance policy for your insured.

Thank you for your anticipated courtesy and cooperation.

Very truly yours,

GOLDSTEIN & METZGER, LLP

By: _____

Paul J. Goldstein

PJG/mq
Enclosure
cc:   Alfred B. Mainetti, Esq.

EXHIBIT  T



**THE MAIN STREET AMERICA GROUP**

NGM Insurance Company • Old Dominion Insurance Company
Main Street America Assurance Company • MSA Insurance Company
Information Systems and Services Corporation

RECEIVED

MAR 30 2006

GOLDSTEIN & METZGER,

March 23, 2006

## SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED AND REGULAR MAIL

Steve Blakely
Assential Pumping, Inc.
11 Mary Lou Lane
Shokan, NY 12481

COPY

RE:    Policyholder:    Assential Pumping, Inc.
       Our File #       MPV52824-001-678
       Date of Accident: 11/3/05
       Suit:            Slingerland v. Brian Blakely and Blakely Plumbing, Inc. d/b/a Assential Plumbing

Dear Mr. Blakely:

We are in receipt of an amended summons and complaint regarding the above referenced matter. The complaint outlines that while in the course of his employment, Brian Blakely was in a motor vehicle accident. The complaint names Brian as well as Assential Plumbing as defendants.

In a previous conversation with Ed Ariel you advised us that you are the president of Assential Plumbing and that Brian is the vice president. You stated that Brian was using his own vehicle, a Dodge truck, and was on his way to assess a septic pump out job when he was involved in an automobile accident. You stated that Brian was in the course of his employment when the accident happened.

As we have advised you previously, there is no coverage under this policy for automobile accident. Please refer this mater to your commercial auto carrier.

We must call your attention to your Business owners Liability Coverage Form BP 006 01 97, identified as MPV52824, which states in part:

**A. Coverages**
   **1. Business Liability**
      **a.** We will pay those sums that the insured becomes legally obligated to    pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies. We will have the right

220 Salina Meadows Parkway, PO Box 4828, Syracuse, NY 13221-4742 * (315)434-1400

and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", "personal injury", or "advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

> (1) The amount we will pay for damages is limited as described in Section D - Liability and Medical Expenses Limits of Insurance; and
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension - Supplementary Payments.

> b. This insurance applies:
>> (1) To "bodily injury" and "property damage" only if:
>>> (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and
>>> (b) The "bodily injury" or "property damage" occurs during the policy period."

Your Business owners Liability Coverage Form sets forth who is insured under the policy:

C.    **Who Is An Insured**
>    **1.** If you are designated in the Declarations as:
>>        d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>    **2.** Each of the following is also an insured:
>>        a. Your "employees", other than either your "executive officers"..., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . ."

Your Business owners Liability Coverage Form defines "Auto" as a land motor vehicle, trailer or semi trailer designed for travel on public roads, including any attached machinery or equipment.........

Your Business owners Liability Coverage Form sets forth the following exclusions which may apply to this loss:

**B.  Exclusions**

220 Salina Meadows Parkway,  PO Box 4828, Syracuse, NY  13221-4742 * (315)434-1400

1. **Applicable to Business Liability Coverage**
   This insurance does not apply to:
   g. Aircraft, Auto or Watercraft
   "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."

Based on the above, there is no coverage available to you for this pending claim. If you disagree with our position, or receive any additional material that you feel would provide you with coverage, please forward copies to us immediately. Failure to do so could jeopardize any coverage you may otherwise have available.

The contents of this letter does not constitute and is not intended as a waiver of any undisclosed existing or future violations of any other terms of the policy contract.

If you have any questions about the effect this letter has on the application of coverage under this policy, you may and are encouraged to consult your own counsel. Please feel free to contact me at 1-800-962-5515 ext. 1447 to discuss this matter.

Sincerely,

Wendy A. Tulowiecki
Senior Claim Representative


cc: Alfred Mainetti, Esq.
Mainetti, Mainetti & O'Connor . P. C
303 Clinton Avenue
P.O. Box 3058
Kingston, NY 12402-3058

Brian Blakely
Assential Plumbing, Inc.
11 Mary Lou Lane
Shokan, NY 12481

Paul Goldstein, Esq.
Goldstein & Metzger, LLP
40 Garden Street
Poughkeepsie, NY 12601

De Forest Group, Inc.
P.O. Box 3270
Kingston, NY 12402

EXHIBIT  U

# GOLDSTEIN & METZGER, LLP

*attorneys and counselors at law*

Mark J. Metzger
Paul J. Goldstein

_____

Maryanne Quick
Paralegal

40 Garden Street
Poughkeepsie, NY 12601-3106
(845) 473-7000
Facsimile (845) 454-4783
www.goldsteinmetzger.com

July 24, 2006

*Via Certified Mail/*
*Return Receipt Requested*

**MS. WENDY A. TULOWIECKI**
**NATIONAL GRANGE MUTUAL INSURANCE COMPANY**
**PO BOX 4828**
**SYRACUSE, NY 13221-4742**

RE:    Policyholder: Assential Pumping, Inc
       Your File #: MPV52824-001-678
       Date of Accident: 11/3/05
       Suit: Slingerland v. Brian Blakely and Blakely
       Pumping, Inc. d/b/a Assential Pumping
       Ulster County Index # 4124/2005

Dear Ms. Tulowiecki:

This letter is in response to your letter of disclaimer dated March 23, 2006. In addition, the corporation which you insure under the policy above is presently in default, in the above action in the Supreme Court of the State of New York, County of Ulster.

Your letter of disclaimer is invalid because you quoted the wrong policy language. You disclaimed on the basis of Section **B. Exclusions**, paragraph **1.g.**, which, under the Businessowners Liability Coverage Form, BP 00 06 01 97, provides that the insurance does not apply to:

"Bodily injury"...arising out of the ownership, maintenance, use of any ..."auto"...operated by or rented or loaned to any insured.

This clause is inapplicable because the insured, the corporation, also purchased from your company a "Hired Auto and Non-owned Auto Liability - New York" policy, BP 04 36 01 97, in which at paragraph **B**. "For insurance provided by this endorsement only:""**1.**, The exclusions under the Businessowners Liability Coverage Form, Paragraph **B.1.** Applicable to Business Liability Coverages, ... are deleted." In other words, the exclusion language which you refer to has been deleted and is not applicable to the loss at issue. For your reference, I have enclosed the case of <u>Lancer Insurance Company v. Philadelphia Indemnity Insurance Company</u>, 12 A.D.3d 641, which recites the law.

July 24, 2006
Page 2

    Accordingly, under the laws of the State of New York, you must tender an answer for the corporation and extend coverage. Your continued failure to comply with the mandates of the law will result in an action being commenced against you, as well as a complaint being lodged with the New York State Insurance Department.

    Unless I receive an answer within ten (10) days of the letter herein, I will proceed accordingly.

        Very truly yours,

        GOLDSTEIN & METZGER, LLP

        By: _____
             Paul J. Goldstein

PJG/crc

Enclosure

cc:    Alfred Mainetti, Esq.
      Bryan Kaplan, Esq.
      Peter and Nancy Slingerland

# EXHIBIT  V

# THE MAIN STREET AMERICA GROUP

NGM Insurance Company • Old Dominion Insurance Company
Main Street America Assurance Company • MSA Insurance Company
Information Systems and Services Corporation

August 4, 2006

## SENT CERTIFIED MAIL – RETURN RECEIPT REQUESTED
## AND REGULAR MAIL

Goldstein & Metzger, LLP
Attorneys and Counselors At Law
40 Garden Street
Poughkeepsie, NY 12601-3106

Attn: Paul J. Goldstein

RE:    Insured:         Assential Pumping, Inc.
       Our File #:       MPV52824-001-678
       Date of Accident: 11/3/05
       Suit:             Slingerland v. Brian Blakely and Blakely Plumbing, Inc. d/b/a
                         Assential Plumbing

Dear Mr. Goldstein:

We are in receipt of your correspondence dated July 24, 2006. As you point out we previously issued a disclaimer for this loss on March 23, 2006. You have also drawn our attention to the policy endorsement BP 04 36 01 97 Hired Auto and Non-owned Auto Liability – New York. As you will see from a review of this endorsement there still remains no coverage under this policy for this accident.

The information we have obtained regarding this loss indicates that Mr. Brian Blakely was driving his personal automobile which he owns. He was the Vice President of the Corporation that we insure at the time of the loss. He was driving this vehicle while on the way to assess a septic pump out job.

As you can see from the policy language quoted below from the Hired Auto and Non – Owned Auto endorsement this vehicle does not qualify as a hired auto or a non-owned auto under the endorsement. Also, Mr. Blakely's position as Vice President would qualify him as an executive officer of the corporation. Further, any executive officer while using a vehicle owned by that executive officer is not an insured under this endorsement. Therefore, this endorsement was never triggered as the insuring agreement under A. and B. has not been met.

220 Salina Meadows Parkway, PO Box 4828, Syracuse, NY 13221-4742 * (315)434-1400

I have reviewed the case law that you supplied with your letter and found it to not be completely on point with this matter. The subject of that case is a rental vehicle which is clearly not the case here. The facts of this loss have not changed since the initial investigation. There continues to be no coverage under this policy for this loss.

Please refer to the following policy language from the Hired Auto and Non-Owned Auto Liability – New York Form BP 04 36 01 97 which states in part:

A. Insurance is provided only for those coverages for which a specific premium charge is shown in the Declarations or in the Schedule.

    **1. Hired Auto Liability**
    The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1. Business Liability,** applies to "bodily injury " or "property damage" arising out of the maintenance or use of a "hired auto" by you or your "employees" in the course of your business.

    **2. Non-Owned Auto Liability**
    The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1. Business Liability,** applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in your business by any person other than you.

B. For insurance provided by this endorsement only:

    1. The exclusions, under the Businessowners Liability Coverage Form, Paragraph **B.1. Applicable To Business Liability Coverages,** other than Exclusions **a.,b.,d.,f.** and **i.** are deleted and replaced by the following:

        a. "Bodily injury" to an "employee" of the insured arising out of and in the course of:
            (1) Employment by the insured; or
            (2) Performing duties related to the conduct of the insured's business.

    2. **Who Is An Insured** in the Businessowners Liability Coverage Form, Paragraph C. is replaced by the following:

    Each of the following is an insured under this endorsement to the extent set forth below:
    c. For a "non-owned auto", any partner or "executive officer" of yours, but only while such "non-owned auto" is being used in your business; and
    d. Any other person or organization, but only for their liability because of acts or omissions of an insured under a., b. or c. above.

220 Salina Meadows Parkway, PO Box 4828, Syracuse, NY 13221-4742 * (315)434-1400

None of the following is an insured:

> (2) Any partner or "executive officer" for any "auto" owned by such partner or officer or a member of his or her household.

C.  The following additional definitions apply:

> **2.** "Hired auto" means any "auto" you lease, hire or borrow.  this does not include any "auto" you lease, hire, or borrow from any of your "employees" or members of their households, or from any partner "executive officer" of yours.

> **3.** "Non-Owned Auto" means any "auto" you do not own, lease, hire or borrow which is used in connection with your business.  However, if you are a partnership, a "non-owned auto" does not include any "auto" owned by any partner.

The following is the policy definition of "executive officer" as defined by the Businessowners policy Form BP 00 06 01 97.

**F. Liability And Medical Expenses Definitons**

**6.** "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar government document.

Based on the above, there is no coverage available to for this loss

The contents of this letter does not constitute and is not intended as a waiver of any undisclosed existing or future violations of any other terms of the policy contract.

If you have any questions about the effect this letter has on the application of coverage under this policy, you may and are encouraged to consult your own counsel.  Please feel free to contact me at 1-800-962-5515 ext. 1447 to discuss this matter.

Sincerely yours,


Wendy A. Tulowiecki
Senior Claim Representative

cc: Alfred Mainetti, Esq.,
Mainetti, Mainetti & O'Connor P.C.
303 Clinton Avenue
P.O. Box 3058
Kingston, NY 12402-3058

Brian Blakely
Assential Pumping, Inc.
11 Mary Lou Lane
Shokan, NY 12481

De Forest Group Inc
PO Box 3270
Kingston,NY   12402

# EXHIBIT W

# GOLDSTEIN & METZGER, LLP

*attorneys and counselors at law*

Mark J. Metzger
Paul J. Goldstein

——————————————

Maryanne Quick
Paralegal

40 Garden Street
Poughkeepsie, NY 12601-3106
(845) 473-7000
Facsimile (845) 454-4783
www.goldsteinmetzger.com

June 19, 2007

<u>*CERTIFIED MAIL – RETURN RECEIPT REQUESTED*</u>

**NATIONAL GRANGE MUTUAL INSURANCE COMPANY
ATTN: WENDY A. TULOWIECKI
POST OFFICE BOX 4828
SYRACUSE, NEW YORK 13221**

RE:    **PETER J. SLINGERLAND**
Your Insured: Assential Pumping, Inc.
Claim No.: MPV52824-001-678
D/Loss: 11/3/05

Dear Ms. Tulowiecki:

    This letter is in reference to yours of March 23, 2006, with respect to the above, a copy of which is enclosed. The purpose of this letter is to advise you that the Court has set down an inquest for damages on   August 22, 2007, with respect to the defendant, Blakely Pumping, Inc., d/b/a Assential Pumping.

    Your March 23, 2006 disclaimer is incorrect, and of no effect. Your disclaimer is based upon the Business Owner's Liability Coverage Form, and totally ignores that your insured had purchased and had, in effect, a "Hired Auto and Non-Owned Auto Liability-New York" form in effect, which provides that, for a "non-owned auto," any partner or "executive officer" of yours, is an insured, while the "non-owned auto" is being used in your business. The "Hired Auto and Non-Owned Auto Liability" endorsement gives coverage, and you have only disclaimed under the Business Owner's Liability Coverage Form.

    It is my belief, under the laws of the State of New York, and the actual insurance policy, that there is coverage for this loss, and I am hereby advising you of same. After the inquest, and after we obtain a judgment against the corporation, it is our intention, under New York State Insurance Law, to commence suit against your company to recover same.

RE:    **PETER J. SLINGERLAND**
          Claim No.: MPV52824-001-678

Very truly yours,

GOLDSTEIN & METZGER, LLP

By: _____
          Paul J. Goldstein

PJG/kk
Encl.

cc:    Peter & Nancy Slingerland

-2-

# EXHIBIT  X

 THE MAIN STREET AMERICA GROUP

NGM Insurance Company • Old Dominion Insurance Company
Main Street America Assurance Company • MSA Insurance Company
Information Systems and Services Corporation

July 23, 2007            **VIA CERTIFIED AND FIRST CLASS MAIL**

Steven Blakely
Brian Blakely
Assential Pumping Inc.
11 Mary Lou Lane
Shokan, NY 12481

RE: Date of Loss:    November 3, 2005
Policy Number:     MPV52824-001
Lawsuit:           Slingerland v. Brian Blakely and Blakely Pumping, Inc. d/b/a
                   Assential Pumping

Dear Mr. Blakely:

This letter is to advise you that National Grange Mutual Insurance Company has investigated and reviewed the above claim. You have received our previous disclaimers regarding this matter which are dated February 1, 2006, March 23, 2006 and August 4, 2006.

The facts of the loss as we understand them are that Mr. Slingerland was injured in an automobile accident which involved your 2004 Dodge pick up truck. That vehicle is owned by Mr. Brian Blakely personally. As this is a Business Owners policy there is an exclusion for losses arising out of the use of an automobile. Further, your National Grange Business Owners policy is endorsed by Hired Auto and Non-Owned Auto endorsement. However, Brian Blakely does not qualify as an insured under this endorsement. Therefore, there is no coverage available to either Brian Blakely, Blakely Pumping Inc. or Assential Pumping under this policy.

As you may be aware, Mr. Slingerland has continued to prosecute the above referenced lawsuit. He obtained a default judgment regarding this matter in March of 2007. Currently, there is a damages inquest scheduled for August 2007.

We continue to stand by our earlier denial. However, in light of the default and impending inquest we have elected to hire counsel to defend against the amount of damages at issue in the inquest. This does not constitute coverage for you in this matter. To that end, we have also filed a declaratory judgment action requesting a court of law to ultimately determine coverage for this lawsuit and automobile accident under this Business Owners policy.

220 Salina Meadows Parkway, PO Box 4828, Syracuse, NY 13221-4742 * (315)434-1400

We will be appearing in defense of this matter under a full reservation of rights. We will not be providing indemnification for this matter. We have hired Mr. John Meenagh of the law firm of Kelly & Meenagh to defend the damages in the matter of Slingerland v. Blakely Pumping d/b/a Assential Pumping. Mr. Meenagh can be reached at 845-454-4244. His offices are located at 135 North Water Street, Poughkeepsie, NY 12602.

If you have any questions regarding this letter, please contact your own attorney at your own expense.


Sincerely,



Wendy A. Tulowiecki
Senior Claim Representative


cc: Alfred Mainetti, Esq.,
Mainetti, Mainetti & O'Connor P.C.
303 Clinton Avenue
P.O. Box 3058
Kingston, NY 12402-3058

Paul Goldstein, Esq.
Goldstein & Metzger, LLP
40 Garden Street
Poughkeepsie, NY 12601

De Forest Group Inc
PO Box 3270
Kingston,NY   12402

Kelly & Meenagh
Attorneys At Law
135 North Water Street
P.O. Box 1031
Poughkeepsie, NY 12602

EXHIBIT  Y

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

NGM INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

V.

BLAKELY PUMPING, INC. d/b/a ASSENTIAL
PUMPING, BRIAN J. BLAKELY, PETER J.
SLINGERLAND, NANCY SLINGERLAND and
PROGRESSIVE CASUALTY INSURANCE
COMPANY.

**07 CV     6517**

CASE NUMBER:

JUL _ _OBINSON

TO: (Name and address of Defendant)

Blakely Pumping, Inc., 11 Mary Lou Lane, Shokan, New York 12481
Brian J. Blakely, 133 Piney Point Road, Boiceville, New York  12412
Peter & Nancy Slingerland, 21 Tall Oaks Dr, Kingston, New York 12401
Progressive Cas. Ins. Co. c/o NYS Supt. of Ins., 25 Beaver Street, New
York, New York 10006

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

BRILL & ASSOCIATES, P.C., 111 John Street, Suite 1070, New York,
New York  10038

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                        JUL  1 9 2007

CLERK                                                     DATE

(By) DEPUTY CLERK

AO 440  (Rev. 8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              Date                    *Signature of Server*

                                _____
                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

NGM INSURANCE COMPANY,                                        Docket No.

                              Plaintiff,

                     -against-

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                              Defendants.                    **COMPLAINT**

------------------------------------------------------------------------x



        Plaintiff, **NGM INSURANCE COMPANY**, by their attorneys, **BRILL &**

**ASSOCIATES, P.C.,** as and for their Complaint herein alleges upon information and belief:

<h2 style="text-align:center"><u>INTRODUCTION</u></h2>

        1.      Plaintiff **NGM INSURANCE COMPANY** brings this action to secure a

Declaratory Judgment resolving the rights, duties and obligations of the above referenced parties

under a policy of insurance issued by Plaintiff to BLAKELY PUMPING, INC. d/b/a

ASSENTIAL PUMPING regarding a claim asserted by PETER J. SLINGERLAND and

NANCY SLINGERLAND for personal injuries and loss of services which occurred on

November 3, 2005.

<h2 style="text-align:center"><u>JURISDICTION AND VENUE</u></h2>

        2.      This Court has jurisdiction under 28 U.S.C. 2201-02 and 28 U.S.C. 1332.

        3.      Venue in this District is proper in that plaintiff transacts business in this District.

        4.      The amount in controversy exceeds $75,000.00.

**PARTIES**

5.     NGM INSURANCE COMPANY ("NGM") is a foreign insurance company of the State of Florida duly admitted to write liability insurance policies in the State of New York pursuant to Section 1113(a) of the Insurance Law on December 31, 1931 with a principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida 32245.

6.     BLAKELY PUMPING, INC. is a domestic business corporation of the State of New York formed on June 9, 2004, with a principal place of business at 11 Mary Lou Lane, Shokan, New York 12481.

7.     BRIAN J. BLAKELY is an Executive Officer of BLAKELY PUMPING, INC. and resides at 133 Piney Point Road, Boiceville, New York 12412.

8.     PETER J. SLINGERLAND and NANCY SLINGERLAND are individuals residing at 21 Tall Oaks Drive, Kingston, New York 12401.

9.     PROGRESSIVE CASUALTY INSURANCE COMPANY is a foreign insurance company duly admitted to write personal automobile liability policies in the State of New York on March 8, 1977 with a principal place of business at 6300 Wilson Mills Road, W33, Mayfield Village, Ohio 44143.

**FACTS**

10.     On or about July 13, 2005, NGM, in consideration of certain underwriting information provided to it and premiums paid, issued and delivered to BLAKELY PUMPING, INC. a business owners insurance policy known and designated as policy number MPV52824 which was effective until July 13, 2006 (hereinafter "the BOP policy" or the "NGM policy").

11.     The BOP policy contained liability limits of $1,000,000.00 per occurrence.

12.     That at all relevant times hereinafter mentioned, the BOP policy excluded liability coverage to BLAKELY PUMPING, INC. on account of bodily injury or property damages

arising out of the ownership, maintenance or use of any auto owned, operated or loaned to BLAKELY PUMPING, INC.

13.    That on or about November 3, 2005, defendant BRIAN BLAKELY was the owner and operator of a 2004 Dodge truck and was utilizing his personal vehicle in connection with the business operations of BLAKELY PUMPING, INC.

14.    That at all relevant times hereinafter mentioned, and upon information and belief, defendant PROGRESSIVE CASUALTY INSURANCE COMPANY issued an automobile liability policy to defendant BRIAN BLAKELY for the 2004 Dodge Truck.

15.    That upon information and belief and at all relevant times hereinafter mentioned, BLAKELY PUMPING, INC. did not purchase, acquire or obtain any Commercial Automobile Insurance Coverage insuring the use and operation of its vehicles used in connection with its business operations.

16.    That on November 3, 2005, following issuance of NGM and PROGRESSIVE's respective policies, defendant PETER SLINGERLAND was injured in a two car motor vehicle accident while operating his 2003 Hyundai with defendant BRIAN J. BLAKELY, who was operating the aforementioned 2004 Dodge truck.

17.    That upon information and belief and according to news reports of the incident, PETER SLINGERLAND sustained severe injuries in the accident and was flown by helicopter to Westchester Medical Center for treatment.

18.    That upon information and belief and at all relevant times hereinafter mentioned, the vehicle that was operated by BRIAN J. BLAKELY at the time of the accident was not a scheduled or covered automobile on the BOP policy issued by NGM.

19.    That upon information and belief and at all relevant times hereinafter mentioned, the vehicle that was operated by BRIAN J. BLAKELY at the time of the accident was owned personally by BRIAN J. BLAKELY or members of his household.

20.    That upon information and belief and at all relevant times hereinafter mentioned, at the time of the accident BRIAN J. BLAKELY was employed as the Vice President of BLAKELY PUMPING, INC.

21.    That upon information and belief and at all relevant times hereinafter mentioned, BRIAN J. BLAKELY was an Executive Officer of BLAKELY PUMPING, INC. as that term is defined under the BOP policy issued by NGM.

22.    That upon information and belief and at all relevant times hereinafter mentioned, including the time of the accident, BRIAN J. BLAKELY was using his individually owned automobile in furtherance of the business pursuits of BLAKELY PUMPING, INC.

23.    That on December 7, 2005, PETER J. SLINGERLAND and NANCY SLINGERLAND filed a Summons and Verified Complaint against BRIAN J. BLAKELY in the Supreme Court of the State of New York, County of Ulster, under Index No. 4124/07, seeking a judgment awarding them monetary damages for personal injuries and loss of services (the "personal injury case") sustained as a result of the November 3, 2005 accident.

24.    That on or about January 10, 2006, NGM was provided with its first notice of the claims asserted by PETER J. SLINGERLAND and NANCY SLINGERLAND.

25.    That on or about February 1, 2006, NGM lawfully and timely disclaimed any duty to defend or indemnify BRIAN J. BLAKELY as there was no coverage under the BOP policy issued to BLAKELY PUMPING, INC. for bodily injury or property damage arising out of the ownership, maintenance or use of any autos owned, operated, rented or loaned to BLAKELY PUMPING, INC. under the "owned auto" exclusion of the policy.

26.    That on February 13, 2006, PETER J. SLINGERLAND and NANCY SLINGERLAND filed an Amended Summons and Verified Complaint against BRIAN J. BLAKELY and BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING in the Supreme Court of the State of New York, County of Ulster, under Index No. 4124/07, seeking a judgment awarding them monetary damages for personal injuries and loss of services (the "personal injury case") sustained as a result of the November 3, 2005 accident.

27.    That on or about March 23, 2006, NGM lawfully and timely disclaimed any duty to defend or indemnify BRIAN J. BLAKELY and/or BLAKELY PUMPING, INC. as there was no coverage under the BOP policy issued to BLAKELY PUMPING, INC. for bodily injury or property damage arising out of the ownership, maintenance or use of any autos owned, operated, rented or loaned to BLAKELY PUMPING, INC. under the "owned auto" exclusion of the policy.

28.    That following NGM's disclaimer on March 23, 2006 under the owned auto exclusion, and by letter dated July 24, 2006, defendants PETER J. SLINGERLAND and NANCY SLINGERLAND, through their attorneys, Goldstein & Metzger, LLP, have now asserted that coverage exists by virtue of a "Hired and Non-Owned Auto" Endorsement attached to NGM's BOP policy.

29.    A copy of that Endorsement is attached hereto as Exhibit A and is incorporated by reference herein.

30.    That at all relevant times hereinafter mentioned the "Hired and Non-Owned Auto" Endorsement attached to the BOP policy does not provide coverage to Executive Officers of BLAKELY PUMPING, INC. for any auto owned by any executive officer of the corporation or any member of his or her household.

31.     That notwithstanding the clear and unambiguous terms and conditions of the BOP policy issued by NGM, Defendants PETER SLINGERLAND and NANCY SLINGERLAND have expressed their intention to seek satisfaction of any judgment obtained in the personal injury case against BRIAN J. BLAKELY and/or BLAKELY PUMPING, INC. from NGM in a direct action following conclusion of the personal injury action.

## AS AND FOR A FIRST CAUSE OF ACTION

32.     Plaintiff NGM INSURANCE COMPANY repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered 1 through 31 of this complaint inclusive with the same force and effect as if herein again set forth at length.

33.     That an actual controversy has arisen between Plaintiff and Defendants as to whether Plaintiff is obligated under the Policy to defend and/or indemnify BRIAN J. BLAKELY and/or BLAKELY PUMPING, INC. with respect to the claims asserted by PETER J. SLINGERLAND and NANCY SLINGERLAND in the personal injury action.

34.     That the claims submitted to Plaintiff by BRIAN J. BLAKELY and/or BLAKELY PUMPING, INC. fall squarely within the owned auto exclusion of the BOP policy issued by Plaintiff.

35.     Furthermore, coverage is not provided under the "Hired and Non-Owned Auto" Endorsement attached to the BOP policy to Executive Officers of BLAKELY PUMPING, INC. for any auto owned by those officers or any member of his or her household.

36.     Plaintiffs have no adequate remedy in this case other than to seek an adjudication that it is not obligated to defend or indemnify BRIAN J. BLAKELY and BLAKELY PUMPING, INC. under its BOP policy and will be aggrieved unless the Court makes an immediate declaration of the liability and obligations of NGM under the policy.

**WHEREFORE**, plaintiff demands judgment adjudicating its obligations under its BOP policy issued to BLAKELY PUMPING, INC. and that this court:

a.  determine and declare that BRIAN J. BLAKELY and BLAKELY PUMPING, INC. are not covered under the BOP policy for any judgment that may be obtained in the personal injury action; and

b.  determine and declare that BRIAN J. BLAKELY and BLAKELY PUMPING, INC. are not entitled under the BOP Policy to any defense of the claims brought by Peter and Nancy Slingerland or indemnification for settlement or judgment obtain by the plaintiffs in the personal injury action; and

c.  determine and declare that Plaintiff is not responsible to reimburse BRIAN J. BLAKELY and BLAKELY PUMPING, INC. for any attorneys fees, costs and other expenses incurred to date for the defense of the personal injury action; and,

d.  grant all such other and further relief as to the court seems just and proper.

Dated: New York, New York
      July 19, 2007

BRILL & ASSOCIATES, P.C.

By:     Haydn J. Brill (HB3040)
           Attorneys for Plaintiff
           111 John Street, Suite 1070
           New York, New York 10038
           (212) 374-9101
           File No: 1279-NGM

To:

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING, INC.
11 Mary Lou Lane
Shokan, New York  12481

BRIAN J. BLAKELY
133 Piney Point Road
Boiceville, New York  12412

PETER J. SLINGERLAND and NANCY SLINGERLAND
21 Tall Oaks Drive
Kingston, New York 12401

PROGRESSIVE CASUALTY INSURANCE COMPANY
c/o New York State Superintendent of Insurance
25 Beaver Street
New York, New York  10006

EXHIBIT A

POLICY NUMBER:

BUSINESSOWNERS
BP 04 36 01 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HIRED AUTO AND NON-OWNED AUTO LIABILITY – NEW YORK

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY

## SCHEDULE

| Coverage | Additional Premium |
|---|---|
| Hired Auto Liability | |
| Non-Owned Auto Liability | |

**A.** Insurance is provided only for those coverages for which a specific premium charge is shown in the Declarations or in the Schedule.

  **1. Hired Auto Liability**

  The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1. Business Liability,** applies to "bodily injury" or "property damage" arising out of the maintenance or use of a "hired auto" by you or your "employees" in the course of your business.

  **2. Non-Owned Auto Liability**

  The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1. Business Liability,** applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in your business by any person other than you.

**B.** For insurance provided by this endorsement only:

  **1.** The exclusions, under the Businessowners Liability Coverage Form, Paragraph **B.1. Applicable To Business Liability Coverages,** other than Exclusions **a., b., d., f.** and **i.** are deleted and replaced by the following:

  **a.** "Bodily injury" to an "employee" of the insured arising out of and in the course of:

    **(1)** Employment by the insured; or

    **(2)** Performing duties related to the conduct of the insured's business.

  But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the insured under an "insured contract".

  **b.** "Property damage" to:

    **(1)** Property owned or being transported by, or rented or loaned to the insured; or

    **(2)** Property in the care, custody or control of the insured.

  **2. Who Is An Insured** in the Businessowners Liability Coverage Form, Paragraph **C.** is replaced by the following:

  Each of the following is an insured under this endorsement to the extent set forth below:

  **a.** You;

  **b.** Any other person using a "hired auto" with your permission;

  **c.** For a "non-owned auto", any partner or "executive officer" of yours, but only while such "non-owned auto" is being used in your business; and

  **d.** Any other person or organization, but only for their liability because of acts or omissions of an insured under **a., b.** or **c.** above.

  None of the following is an insured:

    **(1)** Any person engaged in the business of his or her employer for "bodily injury" to any co-"employee" of such person injured in the course of employment;

    **(2)** Any partner or "executive officer" for any "auto" owned by such partner or officer or a member of his or her household;

**(3)** Any person while employed in or otherwise engaged in duties in connection with an "auto business", other than an "auto business" you operate;

**(4)** The owner or lessee (of whom you are a sublessee) of a "hired auto" or the owner of a "non-owned auto" or any agent or "employee" of any such owner or lessee;

**(5)** Any person or organization for the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

**C.** The following additional definitions apply:

**1.** "Auto Business" means the business or occupation of selling, repairing, servicing, storing or parking "autos".

**2.** "Hired Auto" means any "auto" you lease, hire or borrow. This does not include any "auto" you lease, hire or borrow from any of your "employees" or members of their households, or from any partner "executive officer" of yours.

**3.** "Non-Owned Auto" means any "auto" you do not own, lease, hire or borrow which is used in connection with your business. However, if you are a partnership, a "non-owned auto" does not include any "auto" owned by any partner.

Copyright, Insurance Services Office, Inc., 1997

BP 04 36 01 97

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CV     6517

NGM INSURANCE COMPANY

**Plaintiff**                                      Case No.

-v-

BLAKELY PUMPING, INC. et
and                al.

**Defendant**                                      **Rule 7.1 Statement**

JUL 19 2007

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local
General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court
to evaluate possible disqualification or recusal, the undersigned counsel for
_____ plaintiff _____ (a private non-governmental party) certifies
that the following are corporate parents, affiliates and/or subsidiaries of said party,
which are publicly held.

MAIN STREET AMERICA ASSURANCE is
the corporate parent of plaintiff.

Date: ___7/19/07___

_____
Signature of Attorney
BRILL & ASSOCIATES, P.C.
**Attorney Bar Code:** HB3040
111 John St., St 1070
New York, New York 10038
(212) 374-9101

Form Rule7_1.pdf

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

NGM INSURANCE COMPANY,

                              Plaintiff,                 Docket No.: 07-CV-6517

          -against-                                      **ANSWER**

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                              Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The defendants, BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING and BRIAN J. BLAKELY, for their answer to the complaint herein, by their attorneys, Cook, Netter, Cloonan, Kurtz & Murphy, P.C., respectfully show to the Court and allege:

I.

That they admit the allegations contained in the paragraphs numbered "10", "11", "14", "23" and "26" of the complaint herein.

II.

That they deny having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "1", "2", "3", "4", "5", "6", "7", "8", "9", "13", "16", "17", "18", "19", "20", "21", "22", "24", "28", "29", "31", "32", "33" and "36" of the complaint herein.

III.

That they deny the allegations contained in the paragraphs numbered "12", "15", "25", "27", "30", "34" and "35" of the complaint herein.

IV.

That they deny each and every allegation of the complaint not hereinbefore expressly and specifically admitted, controverted or denied.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING and BRIAN J. BLAKELY ALLEGES:

V.

Any disclaimer of coverage made by plaintiff is untimely, and fails to properly specify the grounds of the disclaimer, and is therefore ineffectual.

## AS AND FOR A COUNTERCLAIM AGAINST THE PLAINTIFF NGM INSURANCE COMPANY

VI.

That as of July 13, 2005 and continuing through July 13, 2006, the defendant BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING was an insured under a general liability policy designated as policy number MPV52824 issued by the plaintiff NGM Insurance Company ("NGM").

VII.

That the plaintiff is contractually obligated to indemnify and defend the defendants BRIAN J. BLAKELY and BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING in connection with the underlying lawsuit commenced by the defendants PETER J. SLINGERLAND, NANCY SLINGERLAND arising out of an automobile accident that occurred on or about November 3, 2005.

*WHEREFORE*, the defendants, BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING and BRIAN J. BLAKELY, demand judgment dismissing the complaint of the plaintiff, as against them, and further demands judgment on the counterclaim declaring

that the plaintiff is obligated to indemnify and defend the defendants BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING and BRIAN J. BLAKELY pursuant to the contract of insurance issued by the plaintiff together with the costs and disbursements of this action, and reasonable attorney's fees.

Dated: August 28, 2007

                                         ROBERT D. COOK, ESQ. (RC5957)
                                         COOK, NETTER, CLOONAN, KURTZ
                                           & MURPHY, P.C.
                                         ATTORNEYS FOR DEFENDANTS/
                                         BLAKELY PUMPING, INC. d/b/a ASSENTIAL
                                         PUMPING, BRIAN J. BLAKELY
                                         85 MAIN STREET, PO BOX 3939
                                         KINGSTON, NEW YORK 12402
                                         (845) 331-0702

TO:    BRILL & ASSOCIATES, P.C.
       ATTORNEYS FOR PLAINTIFF
       111 JOHN STREET, SUITE 1070
       NEW YORK, NEW YORK 10038

       GOLDSTEIN & METZGER, LLP.
       ATTORNEYS FOR DEFENDANTS/
       PETER J. SLINGERLAND and NANCY SLINGERLAND
       40 GARDEN STREET
       POUGHKEEPSIE, NEW YORK 12601

       PROGRESSIVE CASUALTY INSURANCE COMPANY
       c/o NEW YORK STATE SUPERINTENDENT OF INSURANCE
       25 BEAVER STREET
       NEW YORK, NEW YORK 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
NGM INSURANCE COMPANY,

                                    Plaintiff,                    **ANSWER**

            -against-
                                                                  Docket No. 07-CV-6517

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,                                                **HON. JUDGE ROBINSON**

                                    Defendants.
-------------------------------------------------------------------x

    The defendants, PETER J. SLINGERLAND and NANCY SLINGERLAND, by their

attorneys, GOLDSTEIN & METZGER, LLP, answering the Complaint of the plaintiff,

respectfully allege as follows:

## JURISDICTION AND VENUE

    1. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "1" of the Complaint.

    2. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "2" of the Complaint.

    3. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Complaint.

    4. Admits the allegations contained in paragraph "4" of the Complaint.

    5. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "5" of the Complaint.

    6. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "6" of the Complaint.

    7. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "7" of the Complaint.

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

8.  Admits the allegations contained in paragraph "8" of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

## FACTS

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13.  Admits the allegations contained in paragraph "13" of the Complaint.

14.  Admits the allegations contained in paragraph "14" of the Complaint.

15.  Denies the allegations contained in paragraph "15" of the Complaint.

16.  Denies knowledge or information sufficient to form a belief as to the truth regarding the issuance of NGM and Progressive's respective policies, but admits the truth of the remainder of the allegations contained in paragraph "16" of the Complaint.

17.  Admits the allegations contained in paragraph "17" of the Complaint.

18.  Denies the allegations contained in paragraph "18" of the Complaint.

19.  Admits the allegations contained in paragraph "19" of the Complaint.

20.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22.  Admits the allegations contained in paragraph "22" of the Complaint.

23.  Admits the allegations contained in paragraph "23" of the Complaint.

24.  Denies knowledge or information sufficient to form a belief as to the truth of the

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

allegations contained in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Admits the allegations contained in paragraph "26" of the Complaint.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

32. With respect to the allegations set forth in paragraph "32" of the Complaint, defendants, Slingerland, repeat and reallege each and every response to paragraphs "1" through "31" of the Complaint, as if fully set forth herein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Denies the allegations contained in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

## AS AND FOR AN AFFIRMATIVE DEFENSE

37. Any disclaimer of coverage made by plaintiff is untimely, and fails to properly specify the grounds of the disclaimer, and is therefore ineffectual.

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

## PRAYER FOR RELIEF

**WHEREFORE**, defendants, Peter J. Slingerland and Nancy Slingerland, pray for entry of judgment against plaintiff, for the following:

1. Dismissing the Complaint and causes of action, together with attorneys' fees, costs, and disbursements;

2. Declaring plaintiff is obligated to indemnify Blakely Pumping, Inc. d/b/a Assential Pumping, in the accident of November 3, 2005; and

3. Such other and further relief as this Court deems just and proper, together with the costs, disbursements of this action, and attorneys' fees.

Dated: Poughkeepsie, New York
      August 16, 2007

GOLDSTEIN & METZGER, LLP
Attorneys for Defendants,
Peter J. Slingerland and Nancy Slingerland

By _____
      Paul J. Goldstein
40 Garden Street
Poughkeepsie, New York 12601
Tel. 845/473-7000
Fax. 845/454-4783

TO:   BRILL & ASSOCIATES, P.C.
      Attorneys for Plaintiff
      111 John Street, Suite 1070
      New York, NY 10038

      BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING, INC.
      11 Mary Lou Lane
      Shokan, NY 12481

      BRIAN J. BLAKELY
      133 Piney Point Road
      Boiceville, NY 12412

      PROGRESSIVE CASUALTY INSURANCE COMPANY
      c/o New York State Superintendent of Insurance
      25 Beaver Street
      New York, NY 10006

Re:    NGM INSURANCE COMPANY
       v.
       BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING, et al.
       Docket No. 07-CV-6517

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

Kendra Knobloch, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at Hyde Park, NY.

On August 20, 2007, I served the following:

## ANSWER,

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U. S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

BRILL & ASSOCIATES, P.C.
Attorneys for Plaintiff
111 John Street, Suite 1070
New York, NY 10038

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING, INC.
11 Mary Lou Lane
Shokan, NY 12481

BRIAN J. BLAKELY
133 Piney Point Road
Boiceville, NY 12412

PROGRESSIVE CASUALTY INSURANCE COMPANY
c/o New York State Superintendent of Insurance
25 Beaver Street
New York, NY 10006

_____
KENDRA KNOBLOCH

Sworn to before me this
20th
_____ day of August, 2007.

_____
Notary Public

CHERI R. CREW
Notary Public, State of New York
Qualified in Dutchess County
#01CR6164032
Commission Expires April 09, 20 11

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NGM INSURANCE COMPANY,

Plaintiff,

-against-                                          Docket No. 07-CV-6517

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,                                 **HON. JUDGE
                                                   ROBINSON**

Defendants.

ANSWER

### GOLDSTEIN & METZGER, LLP
*Attorneys for Defendants, Peter J. Slingerland and Nancy Slingerland*

**40 GARDEN STREET
POUGHKEEPSIE, NEW YORK 12601
(845) 473-7000**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the courts of
New York State, certifies that, upon information and belief and reasonable inquiry, the contentions
contained in the annexed document are not frivolous.*

*Dated:* August 16, 2007                    *Signature*

                                            *Print Signer's Name:*   Paul J. Goldstein, Esq.

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*                                    ...................................................
                                            *Attorney(s) for*

## PLEASE TAKE NOTICE

[   ]                *that the within is a (certified) true copy of a(n)*
NOTICE OF            *entered in the office of the clerk of the within named Court*
ENTRY               *on*                              *2007*

[   ]                *that an Order of which the within is a true copy will be presented for settlement to*
NOTICE OF            *the Hon.*                       *one of the judges of the*
SETTLEMENT          *within named Court at*
                    *on*                              *2007, at*          *M.*

*Dated:*                                    **GOLDSTEIN & METZGER, LLP**
                                            **Attorneys for Defendants, Slingerland
                                            40 GARDEN STREET
                                            POUGHKEEPSIE, NEW YORK 1260
                                            (845) 473-7000**

To: