UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NGM INSURANCE COMPANY,                             Docket No. 07-CV-6517

                              Plaintiff,

                              -against-

BLAKELY PUMPING, INC. d/b/a ASSENTIAL
PUMPING, BRIAN J. BLAKELY, PETER J.
SLINGERLAND, NANCY SLINGERLAND and
PROGRESSIVE CASUALTY INSURANCE COMPANY,            LOCAL RULE 56.1
                                                   STATEMENT OF MATERIAL
                              Defendants.      FACTS
-----------------------------------------------------------------------x

        1.     **Date & Time of Accident.** On November 3, 2005, Brian Blakely, while in the course of his employment with Blakely Pumping, Inc. was involved in a two car motor vehicle accident with Peter Slingerland. Mr. Slingerland was operating a 2003 Hyundai Sonata bearing NY Registration which he individually owned, and Mr. Blakely was operating a 2004 Dodge Pick Up Truck bearing NY Registration which he individually owned.

        2.     **Slingerland Vehicle.** At the time of his accident on November 3, 2005, Mr. Slingerland's 2003 Hyundai Sonata was insured by State Farm Mutual Insurance Company. (Ex. I, pgs. 8-10). Mr. Slingerland's policy with State Farm contained Uninsured & Underinsured Motorist Coverage (UM/UIM) limits of 100,000 per person. (Ex. J). Mr. Slingerland had separate coverage for disability and medical benefits.

        3.     **Blakely Vehicle.** At the time of his accident on November 3, 2005, Mr. Blakely's Pick Up Truck was insured by Progressive Insurance Company and contained liability limits of $25,000 per accident. Progressive Insurance Company has settled Mr. Slingerland's claim for personal injuries for the policy limit of $25,000.

        4.     **Commercial Use.** At the time of the accident, Mr. Blakely was operating the 2004 Dodge in his capacity as an officer and employee of Blakely Pumping, Inc. d/b/a Assential Pumping and was returning from a Hope Depot where he had just purchased some supplies and tools for his business. (Ex. A pg. 27).

        5.     **Corporate Structure.** Blakely Pumping, Inc. is a septic pumping business, which services Ulster County that was formed in 2004. (Ex. A, pgs. 8,10). On June 17, 2004 the first meeting of the Board of Directors of Blakely Pumping, Inc. was held and Steven D. Blakely was appointed President, Secretary and Treasurer, and Brian Blakely was appointed Vice President of the corporation. (Ex. C). Brian Blakely is a shareholder in Blakely Pumping, Inc., owning four percent of the shares. His brother, Steven Blakely owns the other ninety-six percent of the shares. (See, Ex. A, pg. 10 and Ex. D). Blakely Pumping, Inc. filed a Certificate of Incorporation in Ulster County on August 23, 2004 (Ex. E). Blakely Pumping, Inc. filed a

Certificate of Assumed Name with Ulster County on September 13, 2004 to conduct business under the name of Assential Pumping. (Ex. F). Blakely Pumping, Inc. had no change in officers from the time Brian was appointed Vice President and did not have any additional shareholders from its inception until the time of the subject accident on November 3, 2005. (Ex. A, pgs. 14-15).

6. **Corporate Use of His Personal Vehicle.** Brian Blakely regularly used his 2004 Dodge pickup truck in connection with the business of Blakely Pumping, Inc. He would use his 2004 Dodge pickup truck for company business to reduce fuel costs and wear and tear on the pump truck. (Ex. A, pgs. 27-28).

7. **Commercial Automobile Insurance Coverage.** At the time of the November 3, 2005 accident, Mr. Blakely did not have Commercial Automobile Insurance Coverage for the 2004 Dodge Pick Up Truck.

8. **Commercial General Liability (CGL) Coverage.** Blakely Pumping, Inc did obtain a Commercial General Liability insurance policy from National Grange Mutual Insurance Company. (Ex. A, pg. 26). The NGM CGL Policy, which was separately endorsed to provide coverage to Blakely Pumping, Inc. for certain "non-owned" & "hired" automobiles does not provide coverage for automobiles owned by executive officers of Blakely Pumping, Inc.

9. **Procurement of Insurance.** Brian was not involved in procuring the commercial insurance policy for the corporation, as those matters were handled by his brother Steven. (Ex. A, pg. 27). Brian is unaware if anyone ever advised his insurance broker of whether he intended to use his 2004 Dodge pickup truck in connection with the business of Blakely Pumping, Inc. (Ex. A, pg 36). Brian Blakely never discussed and did not know why his brother purchased a non-owned auto endorsement to the commercial policy, as he never discussed same with him. (Ex. A, pgs. 36-37). Steven Blakely is President of Blakely Pumping, Inc. and procured insurance for the truck over the phone, from Ms. Chandy Stott who worked for the DeForest Agency. Mr. Blakely never had any discussions with Ms. Stott regarding the vehicles owned or operated by Blakely Pumping, Inc. in the regular course of its business. (Ex. H, pgs. 30-31). Additionally, Ms. Stott never inquired as to what kind of vehicle Brian drove or whether Brian would be using a vehicle in connection with the business. Ex. H, pgs. 32-33). Steven Blakely purchased the NGM policy for Blakely Pumping, Inc. from Ms. Stott. (Ex. H, pg. 14). He did not have any understanding of the coverages provided under the policy and could not recall ever discussing the corporate use of his brother's personal vehicle with Ms. Stott. (Ex. H, pg. 16). He acknowledged that he never read the NGM policy he obtained from Ms. Stott for the pumping business. (Ex. H, pg. 22).

10. **The Claim under the NGM Policy.** National Grange receiving its first notice of the Blakely claim on January 3, 2006, when Alfred Mainetti, Esq. personal counsel for Brian Blakely, wrote to National Grange Mutual Insurance Company advising them for the first time that Mr. Blakely had been involved in a motor vehicle accident on November 3, 2005 in the course of his employment with Assential Plumbing. A copy of the summons and complaint was enclosed and National Grange was advised that Mr. Blakely was driving a motor vehicle insured by Progressive Casualty with policy limits of $25,000/$50,000.00.

11. **NGM's Disclaimer.** On February 1, 2006, in response to Mr. Mainetti's letter, National Grange Mutual wrote to Mr. Steven Blakely advising that his Businessowner's Liability Coverage Form does not provide coverage for the subject occurrence. Under the heading "B. Exclusions" the policy states that Business Liability Coverage does not apply to bodily injury arising out of the ownership or use of any "auto". The Businessowner's Liability Coverage Form defines "auto" as a land motor vehicle, trailer or semitrailer designed for travel on public roads. As the subject occurrence arose from an automobile accident, when the Vice President of Assential Pumping was using his own vehicle in connection with the business, National Grange Mutual advised that there would be no coverage available under the Business Liability Policy. The letter was copied to Brian Blakely, Paul Goldstein (Slingerland's counsel), the Slingerlands and Mr. Mainetti.(See, Ex. P and the policy itself as Ex. Q).

12. **Further Correspondence Between NGM & the BI Litigants.** On March 18, 2006, Mr. Mainetti wrote to National Grange Mutual again, this time enclosing an amended summons and complaint and requesting that National Grange Mutual provide a defense to Blakely Pumping, Inc., d/b/a Assential Pumping, Inc. despite the above referenced disclaimer letter. (Ex. R). On March 20, 2006, Paul Goldstein, counsel for the Slingerlands in this declaratory judgment action and the underlying bodily injury action, wrote to National Grange enclosing the summons and complaint, and requesting a copy of National Grange Mutual's insurance policy. (Ex. S). Subsequently, on March 23, 2006, National Grange Mutual wrote to Steven Blakely, again, advising that there was no coverage available under the Business Liability Policy due to the circumstances surrounding the subject accident. (Ex. T).

13. **First Request for Coverage as a Non-owned Vehicle.** On July 24, 2006, Mr. Goldstein wrote to National Grange Mutual advising that he believed the disclaimer to be invalid as Blakely Pumping, Inc. purchased a "Hired Auto and Non-owned Auto Liability-New York" endorsement to the policy which deletes that exclusion language that was referred to in the disclaimer letter. (Ex. U).

14. **NGM's Timely Response.** In response to said letter, on August 4, 2006, National Grange Mutual wrote to Mr. Goldstein explaining that there was no coverage for the subject occurrence under the "Hired Auto and Non-owned Auto Liability" endorsement. The letter explains that the language of the endorsement provides coverage for a "non-owned auto" only for partners or executive officers, but only while such "non-owned auto" is being used in your business. However, the endorsement clearly states that "None of the following is an insured: Any partner or executive officer for any "auto" owned by such partner of officer or a member of his or her household." Accordingly, based on the clear language of the endorsement there was no coverage available, since Mr. Blakely was an executive officer of Blakely Pumping, Inc. (Brian Blakely) operating an automobile that he personally owned. (Ex. V).

15. **Renewed Request for Coverage.** On June 19, 2007, Mr. Goldstein wrote to National Grange Mutual once again to advise that an inquest for damages was scheduled in the Slingerland action. Mr. Goldstein repeated his position that there was coverage under the policy in response to National Grange Mutual's letter of March 23, 2006, reiterating his belief that the "Hired Auto and Non-owned Auto Liability" endorsement applied. However, Mr. Goldstein failed to address National Grange Mutual's letter of August 4, 2006, where it was clearly explained that even under the "Hired Auto and Non-owned Auto Liability" endorsement, there

would still be no coverage due to the circumstances surrounding Mr. Slingerland's accident. (Ex. W).

16.    **Renewed Disclaimer.**  On July 23, 2007, National Grange Mutual reiterated its coverage position and wrote to the Blakelys advising that their Business Owners Policy and "Hired Auto and Non-owned Auto Liability" endorsement do not provide coverage for Mr. Slingerland's accident, as Brian Blakely did not qualify as an insured under the endorsement. The letter was copied to Mr. Mainetti and Mr. Goldstein. (Ex. X).

Dated: New York, New York
       March 28, 2008

                                              **BRILL & ASSOCIATES, P.C.**

By:   Haydn J. Brill (HB3040)
      Attorneys for Plaintiff
      111 John Street, Suite 1070
      New York, New York 10038
      (212) 374-9101
      File No: 1281 NGM