UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

NGM INSURANCE COMPANY

                       Plaintiff,

  -against-                                              Civil Action No.
                                                           07-CV-6517

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                                                      Hon. Charles L. Brieant
                    Defendants.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW OF DEFENDANTS', PETER J.
SLINGERLAND AND NANCY SLINGERLAND,
IN OPPOSITION TO PLAINTIFF, NGM INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT AND IN
SUPPORT OF DEFENDANTS' PETER J. SLINGERLAND
AND NANCY SLINGERLAND'S MOTION FOR SUMMARY JUDGMENT**

                                                     Respectfully submitted,

                                                     GOLDSTEIN & METZGER, LLP
                                                     PAUL J. GOLDSTEIN, ESQ. (9722)
                                                     Attorneys for Defendants, *Peter J.*
                                                     *Slingerland and Nancy Slingerland*
                                                     40 Garden Street
                                                     Poughkeepsie, New York 12601
                                                     Tel. 845/473-7000
                                                     Fax. 845/454-4783

Case 7:07-cv-06517-CS   Document 16   Filed 04/08/2008   Page 2 of 16


# TABLE OF AUTHORITIES

Page

Continental Cas. Co. v. Rapid-American Corp., 80 N.Y.2d 640 (1993).................................................................................... 12

First Fin. Ins. Co. v. Jetco Constr. Corp., 1 N.Y.3d 64 (2003)....... 8

General Acc. Ins. Group v. Cirucci, 46 N.Y.2d 862, 864 (1979).... 8

Government Emp. Ins. Co. v. Kligler, 42 N.Y.2d 863 (1977)........ 11

Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028, 1029 (1979)   6, 8

Ingersoll Mill. Mach. Co. v. M/V Bodena, 829 F2d 293, 306 (2d Cir. 1987).................................................................................. 11

Jefferson Ins. Co. Of N.Y. v. Travelers Indem. Co., 92 N.Y.2d 363, 371 (1998)..................................................................................... 8

Kimmins Indus. Service Corp. v. Reliance Ins. Co., 19 F3d 78 (2nd Cir. 1994)............................................................................... 11

Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941)........ 6

Luria Bros. & Co., Inc. v. Alliance Assur. Co., Ltd., 780 F2d 1082 (2d Cir. 1986).................................................................................. 7

New York University v. First Financial Ins. Co., 352 F.3d 653 (2nd Cir. 2003), 322 F3d 750 (2nd Cir. 2003)..................................... 7

State of N.Y. v. Amro Realty Corp., 936 F.2d 1420 (2d Cir. 1991)... 8

United States Fid. & Guar. Co. v. Annunziata, 67 N.Y.2d 229 (1986)............................................................................................ 11, 12

N.Y.S. Insurance law, § 3420(d), § 167(8)......................................... 6, 7

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
**NGM INSURANCE COMPANY**

          **Plaintiff,**

  -against-                                        Civil Action No.
                                                    07-CV-6517
**BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,**                                Hon. Charles L.
                                                      Brieant

          **Defendants.**
-----------------------------------------------------------------------x

## MEMORANDUM OF LAW

### Preliminary Statement

In the instant matter, plaintiff, NGM Insurance Company, issued a Businessowners Liability policy, along with a "Hired Auto and Non-Owned Auto Liability" insurance endorsement, to defendant, Blakely Pumping, Inc. d/b/a Assential Pumping, a septic service business. Defendant, Brian J. Blakely, a vice president and employee of the corporation, while in the course of his employment with the corporation, crashed into defendant, Peter J. Slingerland, causing him serious personal injuries. Both Peter and his wife, defendant, Nancy Slingerland, commenced suit in Ulster County Supreme Court for damages, which case is still pending against Blakely Pumping, Inc.

Plaintiff, in this declaratory judgment action, seeks summary judgment claiming that there is no coverage under the insurance policy and endorsement, because of an exclusion in the policy which does not cover "executive officers" while in the course of the corporation's business while driving their own motor vehicles. Defendants, Peter J. Slingerland and Nancy Slingerland, seek summary

judgment claiming there is coverage for the corporation, as there is no exclusion as it relates to the liability of the corporation when any "non-owned auto" is being used in the business. Further, that plaintiff failed to effectively disclaim coverage, and thus waived its rights to do so.

### Statement of Facts

Peter Slingerland is a 59-year-old (date of birth - July 23, 1948), Human Resources Manager for Staff Line Incorporated, in Poughkeepsie, New York. (Ex "1").

Brian J. Blakely, is 24 years old (date of birth - February 12,1984) and is employed by Blakely Pumping, Inc. d/b/a Assential Pumping, which commenced operations as a septic pumping business, in or about 2004, with his brother, Steven D. Blakely. (Ex "A ", pgs. 6, 8, 10; Ex "G", pgs 4-5, 11, 16). Brian is a four percent shareholder and vice president of the corporation. (Ex. "A", pgs 10, 13-14). Steven runs a wholesale distributorship for Freihofer Baking Goods, and Brian generally runs the business. (Ex "H", pgs 7, 9).

On November 3, 2005, Peter Slingerland was driving his 2003 Hyundai Sonata on Route 28 in Kingston, New York, on his way to work. Brian Blakely was driving his 2004 Dodge Ram pickup, instead of the company-owned pump truck, on his way to assess a septic tank problem for a customer in Shokan, New York. (Ex "A", pgs 17, 26-27; Ex "G", pgs 16-18). Peter was traveling south on Forrest Hill Drive, stopped at the intersection controlled by a traffic signal, and as it changed from red to green, he proceeded into the intersection, while the 2004

Dodge Ram pickup truck driven by Brian J. Blakely, was traveling west on Route 28, in the right hand driving lane, proceeded through the red light, striking Mr. Slingerland's vehicle. (Ex. "2"). The accident totaled Mr. Slingerland's vehicle, and rendered him unconscious. He was taken away from the scene by ambulance, and sent to Westchester Medical Center, where he stayed from November 3, 2005 to December 2, 2005. Thereafter, he was at Taylor Care Center, from December 2, 2005 to December 7, 2005, and then to Helen Hayes Hospital from December 7, 2005 to January 14, 2006. He remained an out-patient at Helen Hayes from January 19, 2006 to March 16, 2006. He has been left with permanent brain damage. (Ex "1").

An action is presently pending in Ulster County Supreme Court in which Peter J. Slingerland and Nancy Slingerland, defendants herein, plaintiffs in that action, are seeking compensation for the personal injuries Peter sustained in the motor vehicle accident, against Blakely Pumping, Inc. d/b/a Assential Pumping. The claim against the corporation only, is that their employee, Brian Blakely, at the time of the accident, was in the course of his employment with Blakely Pumping, Inc.
(Ex "B", pgs 6-10).

On December 23, 2005, a summons and complaint naming Brian Blakely, a defendant, only, was served on him. (Ex. "B").

On January 3, 2006, Alfred B. Mainetti, Esq., attorney for Brian Blakely, sent a letter and a copy of the summons and complaint, to plaintiff, seeking coverage for the November 3, 2005, accident. (Ex. "M"). A disclaimer was sent by NGM, dated February 1, 2006, based upon the exclusion in their

3

Businessowners Liability Coverage Form, that bodily injury arising out of the use of an "auto" is excluded. (Ex. "P").

On February 9, 2006, defendants, Peter J. Slingerland and Nancy Slingerland, amended their Summons and Verified Complaint in the Ulster County Supreme Court personal injury action to include Blakely Pumping, Inc. on the basis that Brian J. Blakely was in the course of his employment for the corporation, at the time of the accident. (Ex "B").

The amended pleading, adding the corporation as a defendant, was sent, on March 18, 2006, by Mr. Mainetti, attorney for the corporation (Ex. ""R"), and by the Slingerlands' attorney, Mr. Goldstein, on March 20, 2006. (Ex "S"). NGM disclaimed, again, by letter dated March 23, 2006 (Ex "T") citing, once again, the exclusion contained in their Businessowners Policy for bodily injury arising out of the use of a motor vehicle.

However, the exclusion, upon which plaintiff relied in excluding coverage, was not part of the policy because it had been deleted by the "Hired Auto and Non-Owned Auto Liability–New York" endorsement also purchased from the plaintiff, by defendant, Blakely Pumping, Inc., at the same time that the Businessowners policy was purchased. (Ex "Q" pgs 1-2, 32 -33). Not until August 4, 2006, seven (7) months after plaintiff, knew of the facts which it ultimately disclaimed, upon, did plaintiff, NGM, disclaim, using language from the non-owned auto endorsement. (Ex "V").

Plaintiff claims that there is no coverage because Brian Blakely, a vice president of the corporation, was driving his own vehicle. The plaintiff claims that the vehicle Mr. Blakely was driving does not qualify as a "non-owned auto" and

4

that Mr. Blakely is not covered because, as an executive officer, he is not an insured, while driving his own vehicle. (Ex. "V").

It is defendants' Slingerlands' position, that the seven (7) month delay in disclaiming coverage is untimely, as a matter of law, and is, therefore, of no effect. Further, that although Mr. Blakely may not have been covered for this accident, the corporation, Blakely Pumping, Inc. was covered, under the insurance policy it purchased, because, for the corporation's purposes, Mr. Blakely was driving a "non-owned auto" and the corporation was an insured.

## Issues Presented

I.  Whether plaintiff, NGM, gave effective Notice of Disclaimer?

II. Whether Blakely Pumping, Inc. is afforded insurance coverage under the purchased "Hired Auto and Non-Owned Auto Liability" Endorsement?

## POINT I

### PLAINTIFF'S DISCLAIMER UNDER A POLICY PROVISION WHICH WAS DELETED WHICH WAS CORRECTED SEVEN MONTHS AFTER NOTICE IS INEFFECTIVE

"In order to effectively disclaim liability or deny coverage for death or bodily injury under an automobile liability insurance policy, an insurer must 'give written notice as soon as is reasonably possible of such disclaimer of coverage' (Insurance Law, §167, subd. 8). A failure by the insurer to give such notice as

soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial (citations omitted)" Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028, 1029 (1979)

Section 167, subd. 8, is now Section 3420(d) of the New York State Insurance Law.  Section 3420(d), provides that an insurance company, under a liability policy covering bodily injury, shall give written notice of disclaimer as soon as is reasonably possible to the insured and injured person.

This action is a diversity case, and therefore, the Court must apply the substantive law of New York. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487 (1941).

Plaintiff, MGM, learned of the accident, and that defendant, Brian Blakely, was in the course of his employment with Blakely Pumping, Inc., their insured, on January 3, 2006 (Ex. "M"). On February 1, 2006, plaintiff sent its first disclaimer, knowing (as contained in the letter), that Brian Blakely was the Vice President and in the course of the corporation's business while using his own vehicle.  The disclaimer was based on the sole ground that the Businessowner Liability Coverage Form set forth an exclusion for bodily injury arising out of the use of an "auto" (Ex. " P"). No reference was made to the "Hired Auto and Non-Owned Auto Liability" Endorsement which was purchased with the Businessowners Liability Coverage Form, by defendant, Blakely Pumping, Inc., to specifically apply to liability it might incur from bodily injury arising out of the use of a non-owned auto. That would be, the use by an employee, of a motor vehicle not owned by the corporation, in the course of his employment; as the case in the

instant matter. The endorsement, specifically, at Section B.1. stated: "The exclusions, under the Businessowners Liability Coverage Form, Paragraph **B.1. Applicable to Business Liability Coverages, other than exclusions a., b., d., f. and i** are deleted..." (Ex. "Q", pg. 32). The quoted language, in Mr. Airel's letter of February 1, 2006 (Ex. "P"), justifying a disclaimer of coverage, was actually deleted by this endorsement. Subsequent disclaimers contained the same provision until, finally seven (7) months later, on August 4, 2006, in a letter from Wendy A. Tulowiecki, the exclusion language of the endorsement was used to disclaim coverage. (Ex. "V").

When a refusal to pay is based upon a specific ground, all other grounds which the insurance company may have been able to use, are waived. Luria Bros. & Co., Inc. v. Alliance Assur. Co., Ltd., 780 F2d 1082 (2d Cir. 1986).

The insurer, plaintiff, NGM, knew of the facts necessary for a disclaimer under the Non-Owned Auto endorsement, at least by February 1, 2006, as outlined in its ineffective disclaimer of that date (Exhibit "P"). Since the disclaimer was based upon a policy provision which was deleted in the Non-Owned Auto endorsement sold to the defendant, Blakely Pumping, Inc., the disclaimer was no disclaimer at all. The first time NGM, issued a disclaimer based upon purported language in the Non-Owned Auto endorsement was August 4, 2006. Under N.Y. Ins. Law §3420(d), this delay is unreasonable, as a matter of law, and precludes effective disclaimer by the plaintiff. New York University v. First Financial Ins. Co., 352 F.3d 653 (2d Cir. 2003); 322 F.3d 750 (2d Cir. 2003) (certifying question to New York Court of Appeals).

"...The notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated." General Acc. Ins. Group v. Cirucci, 46 N.Y.2d 862, 864 (1979).

When an insurer disclaims coverage under certain grounds, and possesses sufficient knowledge of the unasserted defense, but does not assert them, then the other grounds for disclaimer, are waived. State of N.Y. v. Amro Realty Corp., 936 F.2d 1420 (2d Cir. 1991). NGM's failure to allege disclaimers based upon the Non-Owned Auto endorsement, are waived and therefore coverage should be afforded to Blakely Pumping, Inc.

"...Policy exclusions are to be narrowly construed, and an explanation of how they neutralize coverage, otherwise operative, must be asserted by the insurer in a timely fashion (citations omitted)" Jefferson Ins. Co. of N.Y. v. Travelers Indem. Co., 92 N.Y.2d 363, 371 (1998).

The plaintiff's attempt to disclaim coverage, finally, under the "Hired Auto and Non-Owned Auto Liability" endorsement based upon its exclusion of vehicles owned and used by executive officers was on August 4, 2006 (Ex. "V"), some eight (8) months after the accident and seven (7) months after the insurer received information that, from its perspective, would disqualify the claim. A delay of two (2) months has been found, as a matter of law, to be unreasonable, Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028 (1979), and recently, in a case certified by the Second Circuit to the New York Court of Appeals, 48 days has been held to be unreasonable as a matter of law. First Fin. Ins. Co. v. Jetco Constr. Corp., 1 N.Y.3d 64 (2003). Under the circumstances, plaintiff's disclaimer under

exclusions in the "Hired Auto and Non-Owned Auto Liability" endorsement is ineffective and thus coverage is afforded to Blakely Pumping, Inc.

## POINT II

### THE HIRED AUTO AND NON-OWNED AUTO ENDORSEMENT PROVIDES COVERAGE.

Page 1 of the Businessowners Liability Coverage Form states: "Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations." (Ex. "Q", pg 8).

The named insured on the Contractors Policy Declarations is "Assential Pumping, Inc." (Ex. "Q", pg 1-5). The actual corporation was Blakely Pumping, Inc., which was doing business under the assumed name Assential Pumping. An error made by the insurance company which seems to be of no effect as all parties are assuming Blakely Pumping, Inc. was intended. Therefore, "you", and "your" is Blakely Pumping, Inc.

The "Hired Auto and Non-Owned Auto Liability–New York" endorsement Form, BP 04 36 01 97, begins by indicating that it changes the Businessowners Liability Coverage Form, "This endorsement modifies insurance provided under the following: BUSINESSOWNERS POLICY". (Ex. "Q" pg. 32). The policy then goes on to set forth "Coverage":

The "Hired Auto and Non-Owned Auto Liability–New York" endorsement, at paragraph **C.3.** states: "Non-Owned Auto" "means any "auto" **you** (emphasis added) do not own, lease, hire or borrow which is used in connection with **your** (emphasis added) business. However, if you are a partnership, a "non-owned auto" does not include any "auto" owned by any partner." (Ex. "Q" pg. 33).

Since "you" is the corporation, and the corporation did not own, lease, hire or borrow the 2004 Dodge pickup truck owned by Brian Blakely, the 2004 Dodge was a "Non-Owned Auto" under NGM's policy endorsement.

> **A.2. "NON-OWNED AUTO LIABILITY"**
>
> "The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1.** Business Liability, applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in your business by any person other than you." (Ex. "Q", p.32).

The Businessowners Liability Coverage Form provides: at paragraph **A.1.** "Business Liability", that the insurance company "...will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"."

Blakely Pumping, Inc., ("you") is making claim for coverage because it will become legally obligated to pay sums because of the bodily injury of Peter Slingerland.

"You" is an insured, under section **B.2.a.** of the Hired Auto endorsement, separate and apart, from an "executive officer" who is also an insured.

The endorsement, at 2.d.(2), excludes coverage for an "executive officer" of the corporation, who is also an insured, when a "non-owned auto" is being used in the business owned by the officer. The exclusion, however, relates only to the coverage and liability of the "executive officer", in this case, Brian Blakely, not the coverage and liability of Blakely Pumping, Inc., the corporation. "You", Blakely Pumping, Inc., is still an insured and no exclusion is applicable to the

corporation. If plaintiff wanted "you" to include "executive officers", they could easily have said, as many policies do, that "you" includes officers of the corporation.

Insurance contracts are construed strictly against the insurer. All ambiguities must be resolved in favor of the policy holder and against the company who issued the policy. Exclusions from policy coverage are given strict construction, and any interpretation made, is that most beneficial to the insured. Kimmins Indus. Service Corp. v. Reliance Ins. Co., 19 F3d 78 (2nd Cir. 1994).

In United States Fid. & Guar. Co. v. Annunziata, 67 N.Y.2d 229 (1986), the Court of Appeals looked strictly at an insurance policy, noting the term "Insured" as defined in the policy meant the named insured, the owner of the property which sustained a fire loss, and it did not obligate the mortgagee, not a named insured, to submit to an examination under oath. Although the named insured had to comply with the policy provisions, the mortgagee did not. The Court noted that where the provisions are clear and unambiguous, they must be given their plain and ordinary meaning. When the terms are ambiguous, they are to be resolved in the insured's favor and against the insurer. Ingersoll Mill. Mach. Co. v. M/V Bodena, 829 F2d 293, 306 (2d Cir. 1987).

Policies of insurance are to be construed liberally in favor of the insured, and strictly against the insurer. Government Emp Ins. Co. v. Kligler, 42 N.Y.2d 863 (1977).

To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language and is subject to no other

reasonable interpretation. <u>Continental Cas. Co. v. Rapid-American Corp.</u>, 80 N.Y.2d 640 (1993).

The exclusion of coverage of which plaintiff points out, justifying their disclaimer, relates to providing coverage to Mr. Blakely, as an "executive officer" and owner of the "auto" in question. It states that any "executive officer" for any "auto" owned by him is not an insured.

However, the corporation, Blakely Pumping, Inc., stands in an entirely different position as the named insured, defined as "you" under the policy. As to the corporation, Mr. Blakely's vehicle was a "Non-Owned Auto" because it did not own, lease, hire or borrow the vehicle. It was not excluded, as the corporation was not an "executive officer". Therefore, there was coverage for Blakely Pumping, Inc. If ambiguities exist that negate such coverage, same must be construed against the plaintiff, and coverage declared for defendant, Blakely Pumping, Inc. The policy, as in <u>United States Fid. & Guar. Co.</u>, supra, separately defines Mr. Blakely and separately defines the corporation. The corporation is defined as "you" and "your" and as such is the named insured, in its own right, separate and apart from Mr. Blakely. Although Mr. Blakely, himself, may not be covered, the corporation, which was not operating a "non-owned" auto at the time of the accident, but had an employee (Blakely) operating a "non-owned auto", is covered.

## **CONCLUSION**

The disclaimer made by plaintiff for an alleged exclusion because Mr. Blakely was driving his own motor vehicle, at the time of the accident, some seven (7) months after plaintiff had notice, is ineffective and therefore, it must be held that there is coverage.

The ambiguous terms of the "Businessowners Liability Coverage Form" and "Hired Auto and Non-Owned Auto" endorsement, must be construed in favor of the insured, thereby providing coverage for Blakely Pumping, Inc., under the instant circumstances.

Respectfully submitted,

GOLDSTEIN & METZGER, LLP
Attorneys for Defendants *Peter J. Slingerland and Nancy Slingerland*

By: _____
Paul J. Goldstein, Esq. (9722)
40 Garden Street
Poughkeepsie, NY 12601
Tel. 845/473-7000
Fax. 845/454-4783

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NGM INSURANCE COMPANY,

        Plaintiff,

 -against-           Docket No. 07-CV-6517

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,        Hon. Charles L. Brieant

        Defendants.

---

## MEMORANDUM OF LAW

---

### *GOLDSTEIN & METZGER, LLP*
*Attorneys for Defendants, Peter J. Slingerland and Nancy Slingerland*

**40 GARDEN STREET
POUGHKEEPSIE, NEW YORK 12601
(845) 473-7000**

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: April 7, 2008       Signature ........................................................

              Print Signer's Name: Paul J. Goldstein, Esq.

---

*Service of a copy of the within*           *is hereby admitted.*

Dated:          ..........................................................
           *Attorney(s) for*

---

**PLEASE TAKE NOTICE**

| | |
|---|---|
| [ ]  NOTICE OF ENTRY | that the within is a (certified) true copy of a(n) entered in the office of the clerk of the within named Court on        2007 |
| [ ]  NOTICE OF SETTLEMENT | that an Order of which the within is a true copy will be presented for settlement to the Hon.      one of the judges of the within named Court at on       2007, at  M. |

Dated:              **GOLDSTEIN & METZGER, LLP**
                 Attorneys for Defendants, Slingerland
                 40 GARDEN STREET
                 POUGHKEEPSIE, NEW YORK 1260
                 (845) 473-7000