UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
NGM INSURANCE COMPANY,

                                                         Docket No.: 07-CV-6517

                        Plaintiff,

    -against-

BLAKELY PUMPING, INC. d/b/a ASSENTIAL PUMPING,
BRIAN J. BLAKELY, PETER J. SLINGERLAND, NANCY
SLINGERLAND and PROGRESSIVE CASUALTY
INSURANCE COMPANY,

                        Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW OF DEFENDANTS, BLAKELY PUMPING, INC.
d/b/a ASSENTIAL PUMPING and BRIAN J. BLAKELY, IN OPPOSITION
TO PLAINTIFF, NGM INSURANCE COMPANY'S MOTION
FOR SUMMARY JUDGMENT**

                                                  ROBERT D. COOK, ESQ. (RC5957)
                                                  COOK, NETTER, CLOONAN, KURTZ
                                                    & MURPHY, P.C.
                                                 ATTORNEYS FOR DEFENDANTS/
                                                 BLAKELY PUMPING, INC. d/b/a ASSENTIAL
                                                 PUMPING, BRIAN J. BLAKELY
                                                 85 MAIN STREET, PO BOX 3939
                                                 KINGSTON, NEW YORK  12402
                                                 (845) 331-0702

**TABLE OF CONTENTS**

|  |  | **Page** |
|---|---|---|
| 1. Statement of Facts | | 1 |
| 2. Argument | | |
| | Point I — NGM INSURANCE COMPANY'S DISCLAIMER OF COVERAGE WAS UNTIMELY | 3 |
| 3. Conclusion | | 4 |

## STATEMENT OF FACTS

The plaintiff, NGM Insurance Company, issued a Contractor's Policy effective July 13, 2005 to Blakely Pumping, Inc. d/b/a Assential Pumping which provided Business Owners Liability Coverage and included Endorsement Form No. BP04360197 "Hired Auto and Non-Owned Auto Liability" which deleted and replaced Exclusion "g" "Under the Business Owners Liability Coverage Form, Paragraph B. 1. Applicable to Business Liability Coverages".

On November 3, 2005, Brian J. Blakely was an employee of Blakely Pumping, Inc. d/b/a Assential Pumping and was operating his 2004 Dodge pick-up truck during the course of his employment with Blakely Pumping, Inc. and while traveling in a westerly direction on Route 28, in the Town of Ulster, New York, came into contact with a motor vehicle operated by Peter J. Slingerland.

By letter dated January 3, 2006, a summons and complaint by Peter J. Slingerland and Nancy Slingerland, against Brian J. Blakely was forwarded by Alfred Mainetti, Esq. to NGM and it was advised that Brian Blakely was an employee of Assential Pumping and in the course of his employment at the time of the accident on November 3, 2005 .  On January 30, 2006, NGM was advised by Steven Blakely, the President of Blakely Pumping, Inc. d/b/a Assential Pumping, that Brian J. Blakely was a Vice President of Blakely Pumping, Inc.  NGM disclaimed by letter dated February 1, 2006 citing an exclusion "g" which excluded coverage for bodily injury arising out of the use of an auto.  On March 18, 2006, an amended summons and complaint was forwarded by Alfred Mainetti, Esq. to NGM which added Blakely Pumping, Inc. d/b/a Assential Pumping as a defendant and alleged that Brian J. Blakely was an employee of Blakely Pumping, Inc. and operating his 2004 Dodge pick-up truck during the course of his employment with Blakely

Pumping, Inc. By letter dated March 23, 2006, NGM once again disclaimed upon the same grounds as contained in its letter dated February 1, 2006. It wasn't until a letter dated August 4, 2006 that NGM Insurance disclaimed pursuant to the provisions of the endorsement to its policy for "Hired Autos and Non-Owned Auto Liability".

 NGM Insurance Company had all the information necessary to determine coverage in January of 2006 yet by letters dated February 1, 2006 and March 23, 2006, they disclaimed coverage on a provision of the policy which was deleted and replaced and did not disclaim coverage referencing a relevant provision of the insurance policy until a letter dated August 4, 2006, over seven months later.

## ARGUMENT

### POINT I

NGM INSURANCE COMPANY'S DISCLAIMER OF COVERAGE
WAS UNTIMELY.

Pursuant to New York Insurance Law Section 33420(d), if "an insurer shall disclaim liability or deny coverage for death or bodily injury" * * * "it shall give written notice as soon as is reasonably possible".

In January of 2006, NGM had all the facts necessary to determine whether there was coverage under its policy for Blakely Pumping, Inc. d/b/a Assential Pumping and Brian J. Blakely but did not disclaim coverage pursuant to relevant provisions of the policy until a letter was issued on August 4, 2006.  It is respectfully submitted that the over seven month delay in disclaiming is unreasonable as a matter of law. (New York University v. First Financial Insurance Company, 352 Fed3rd 653 [Second Circuit 2003] 48 day delay unreasonable; City of New York v. St. Paul Fire & Marine Insurance Company, 21 AD3d 978 [Second Dept. 2005] 4 months delay unreasonable; American Exp. Property Casualty Company v. Vinci, 18 AD3d 655 [Second Dept. 2005] 49 days delay unreasonable; Danna Construction Corp. v. Utica First Insurance Company, 17 AD3d 794 [Second Dept. 2005] 78 days delay unreasonable; Milbank Housing Development Fund v. Royal Indemnity Company, 17 AD3d 280 [First Dept. 2005] more than 60 days delay unreasonable; Republic Franklin Insurance Company v. Pistilli, 16 AD3d 477 [Second Dept. 2005] 5 months delay unreasonable; Moore v. Ewing, 9 AD3d 484 [Second Dept. 2004] 45 days delay unreasonable).

## CONCLUSION

NGM's written notice of disclaimer of coverage received seven months after receiving knowledge of all relevant facts was an unreasonable delay and Brian J. Blakely and Blakely Pumping, Inc. d/b/a Assential Pumping are entitled to coverage under NGM's policy of insurance.